633 A.2d 93

COMPTROLLER OF the TREASURY

v.

Mary JAMESON & W. Ronald Jameson, Personal Representatives of the Estate of Mary Louise Jameson.

No. 16, Sept. Term, 1993.

Court of Appeals of Maryland.

Nov. 22, 1993.

Gerald Langbaum, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., John K. Barry, Asst. Atty. Gen.), all on brief, Annapolis, for appellant.

John C. Heisler (C. David Heisler, Heisler, Williams & Lazzaro) all on brief, Towson, for appellee.

Argued before MURPHY, C.J., ELDRIDGE, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ., and CHARLES E. ORTH, Jr., Judge of Court of Appeals (retired), Specially Assigned.

MURPHY, Chief Judge.

We granted certiorari in this case to consider whether the State of Maryland may collect interest on the late payment of Maryland estate taxes where a subsequent payment of Maryland inheritance taxes eliminates the original estate tax liability.

## I

This case involves the complex interplay among the Maryland estate tax, the Maryland inheritance tax, and the federal estate tax. Because the terminology is critical to an understanding of the facts and issues presented in this case, we will first provide a brief overview of the three taxes and explain how the taxes are interconnected.

The United States imposes a federal estate tax which is payable nine months after death. *See* 26 U.S.C.A. §§ 2001 *et seq.*, 6075(a) (West 1989 & Supp.1993) ("I.R.C."). On the federal estate tax return, estates are permitted to claim a credit, up to a specified amount, for state death taxes actually paid to any of the fifty states. *See* I.R.C. § 2011. This credit is a method of revenue sharing in which the federal government is diverting some federal estate tax revenue to the states.

The Maryland inheritance tax is a tax imposed on the privilege of receiving property. *See* Maryland Code (1988) § 7–202 of the Tax–General Article. Although the executor of the estate is initially responsible for the inheritance tax, the ultimate liability usually falls upon the beneficiary as the executor either pays the tax with a portion of the beneficiary's inheritance or with money collected directly from the beneficiary. *See id.* § 7–216. The inheritance tax is paid to the Register of Wills in the county where the court that administers the estate is located, *id.* §§ 7–214, 7–215, but the tax is not due until the property is distributed from the estate. *See id.* § 7–217. The Maryland inheritance tax is not integrated with the federal estate tax; in other words, the calculation of the Maryland inheritance tax is not dependent upon the federal estate tax system in any way.

On the other hand, the Maryland estate tax is completely integrated with the federal estate tax. The structure of the Maryland estate tax is referred to as a "pick-up" tax. This means that, if the federal credit for state death taxes allowable by the Internal Revenue Code exceeds the Maryland inheritance tax, an estate must pay Maryland estate tax to pick up

the difference between the credit and the state inheritance tax. Stated more succinctly, the inheritance tax is deducted from the federal estate tax credit to determine the amount of Maryland estate tax. By providing for full use of the federal credit for state death taxes, the Maryland estate tax statute shifts taxes that would otherwise be paid to the federal government to the state treasury. In contrast to the Maryland inheritance tax, the executor pays the Maryland estate tax to the State Comptroller and pays the estate tax directly from the decedent's estate. At the applicable time in the instant case, the Maryland estate tax was due fifteen months after death. *See* Maryland Code (1957, 1983 Repl.Vol.) Art. 62A, § 3.[1]

It is with an understanding of the foregoing principles that we consider the following question: May the State of Maryland collect interest on the late payment of estate taxes where a subsequent payment of inheritance taxes obviates the original estate tax liability?

## II

Mary Louise Jameson (the "Decedent"), a resident of Charles County, Maryland, died on August 9, 1987. Pursuant to § 6075(a) of the Internal Revenue Code, Decedent's federal estate tax return was due nine months after the date of her death, on May 9, 1988. Under the applicable state law at that time, the Decedent's Maryland estate tax return was due fifteen months after her death, on November 9, 1988. *See* Maryland Code (1957, 1983 Repl.Vol.) Art. 62A, § 3.[2] The

---

1. The Maryland estate tax is now due within nine months after the date of death. *See infra* note 2.

2. In 1988, the legislature repealed Article 62A, effective January 1, 1989, and enacted, without substantive change, the new Tax–General Article. *See* Acts of 1988, ch. 2. Section 7–305(a) of the Tax–General Article continued with the fifteen month requirement. In 1989, however, the legislature reduced the fifteen month filing period to nine months. *See* Acts of 1989, ch. 656. Because Ms. Jameson's death occurred in 1987, the fifteen month period was still in effect.

Maryland estate tax return, however, was not filed by this date.

On March 28, 1989, Appellees, W. Ronald Jameson and Mary Cecelia Jameson, Personal Representatives of the Estate of Mary Louise Jameson (the "Estate"), paid to the Register of Wills for Charles County collateral inheritance tax in the amount of $5,100.00. The Estate also paid to the Register of Wills for Charles County collateral inheritance tax in the amount of $192,363.23 on October 2, 1990; thus, a total of $197,463.23 in inheritance taxes was paid.

Decedent's federal estate tax return was under audit from September, 1989 through August 31, 1990. The Internal Revenue Service issued a federal estate tax closing letter on August 31, 1990. As noted above, under the federal estate tax laws, an estate may claim a credit on the federal estate tax return for state death taxes paid to a state. In the instant case, the Decedent's Estate claimed a state death tax credit in the amount of $143,321.00, which was the maximum allowable state death tax credit available to the Estate.

The Personal Representatives finally filed the Decedent's Maryland estate tax return on January 10, 1991. The Maryland estate tax return indicated, on line 10, that the Estate utilized the maximum credit for state death taxes reflected on the federal return in the amount of $143,321.00. As noted on the Maryland estate tax return on line 5, the percentage of the Decedent's Maryland estate to the Decedent's total gross estate was 80.7%. Consequently, the portion of the state death tax credit allocable to Maryland was $115,660.00. The Maryland estate tax return also showed a payment of Maryland collateral inheritance tax in the amount of $197,463.00.

As explained above, the inheritance tax is deducted from the federal estate tax credit allocable to Maryland to determine the amount of Maryland estate tax owed to the State. In this case, because the inheritance tax greatly exceeded the state death tax credit allocable to Maryland, the Maryland estate tax return developed a Maryland estate tax liability of zero.

On January 14, 1991, the Comptroller submitted a bill to the Estate for $26,202.54 in interest on unpaid Maryland estate tax from November 9, 1988, the due date of the Maryland estate tax return, to March 28, 1989 and October 2, 1990, the dates of the two payments of Maryland inheritance tax.[3] The Estate failed to pay the bill, however, and the Comptroller formally assessed the Estate for the interest on February 14, 1991.

The Estate appealed to the Maryland Tax Court. On November 19, 1991, the Maryland Tax Court affirmed the Comptroller's assessment. The tax court filed a Memorandum and Order wherein it stated that the issues in the case were "identical to those [presented] in the *Estates of Sophie N. Chaney and Betty L. Bock,* Miscellaneous Nos. 747 and 748 [1991 WL 249907]."[4] The tax court adopted the Memorandum of Grounds for Decision that it filed in the *Chaney and Block* case and upheld the Comptroller's assessment of interest.

The Estate appealed to the Circuit Court for Charles County. On January 11, 1993, the circuit court issued an Opinion and Order wherein it reversed the Maryland Tax Court's decision. Relying on this Court's decision in *Page v. Comptroller,* 270 Md. 725, 313 A.2d 691 (1974), the circuit court concluded that the Comptroller improperly assessed interest against the Estate. Although the circuit court acknowledged that Article 62A, § 2, the applicable Maryland estate tax statute, had been substantially amended after *Page,* the court

---

**3.** The Comptroller calculated the interest as follows:

    11–9–88 to 03–28–89 on $  5,100.00 at 12%
    11–9–88 to 12–30–89 on $110,560.00 at 12%
    01–1–90 to 10–02–90 on $110,560.00 at 13%

**4.** The Estates of Chaney and Bock appealed the Maryland Tax Court's decision in *Chaney and Bock* to the Circuit Court for Anne Arundel County. The circuit court affirmed the judgment of the tax court in a Memorandum of Opinion and Order issued on December 1, 1992 (Rushworth, J.). The Estates of Chaney and Bock did not appeal from the decision of the circuit court.

concluded that "if the legislature intended to repeal *Page,* they could have done so in more explicit language."

The Comptroller timely filed an appeal to the Court of Special Appeals. We issued a writ of certiorari prior to intermediate appellate review to address the confusion that exists in the area of state death taxes, 330 Md. 154, 622 A.2d 1195.

Before us, the Estate basically presents two arguments. First, it maintains that under this Court's decision in *Page, supra,* the Comptroller may not collect interest on Maryland estate tax due when inheritance taxes that are due—though unpaid—would eliminate the estate tax liability. This argument is primarily based upon the Estate's contention that the *Page* holding is still the controlling law in our state even though § 2 of Article 62A was amended in response to the *Page* decision. Second, the Estate argues that because inheritance taxes had not been paid as of the due date of the Maryland estate tax return, no federal credit for state death taxes was allowable and, therefore, no Maryland estate tax liability could have arisen.

## III

The Estate heavily relies upon this Court's decision in *Page, supra,* in support of its assertion that the State of Maryland may not "collect interest on the computation of Maryland estate tax payable by a decedent's estate when said tax liability is, in fact, satisfied by the timely payment of inheritance taxes, at a time more than fifteen (15) months after the death of the decedent." We agree with the Estate that the issue before the Court in *Page* is virtually identical to the issue before us today. *Page* framed the issue as follows: "whether the State may collect interest on that portion of the Maryland estate tax payable by a decedent's estate which was not paid until final distribution of the estate, at a time more than 15 months after the death of the decedent." 270 Md. at 726, 313 A.2d 691.

In *Page,* the decedent died on August 27, 1967. On November 22, 1968, the executors filed a federal estate tax return. The executors filed a Maryland estate tax return with the Comptroller on November 25, 1968. On the Maryland estate tax return, credit was taken for $529.40 in inheritance taxes paid and for $17,895.26 in inheritance taxes expected to be paid in the future upon final distribution of the estate. Thus, the aggregate amount taken as credits totalled $18,424.66. *Id.* at 727, 313 A.2d 691.

After an audit of the federal estate tax return by the Internal Revenue Service which increased the federal estate tax liability of the estate, the executors filed an amended Maryland estate tax return which took into account the corresponding increase in the allowable credit for state death taxes. On the amended Maryland estate tax return, the estate took credit for state inheritance taxes, which by then had been paid. Because the estate had not paid the estate tax or the inheritance tax by the time it filed its original Maryland estate tax return, the Comptroller assessed the estate for $2,140.50 in interest, 6% on $18,424.66—the aggregate of credits claimed against the original Maryland estate tax liability. *Id.* at 728, 313 A.2d 691.[5] The case was transferred to the Circuit Court for Baltimore County, where the court affirmed the Comptroller's assessment of $2,140.50. *Id.* at 728–29, 313 A.2d 691.

After interpreting Article 62A, § 2 as enacted at that time, the Court in *Page* held that the Comptroller's assessment of interest was improper. The applicable version of Article 62A, § 2 provided:

"In addition to the tax and/or taxes imposed by Article 81, a 'Maryland estate tax' is hereby imposed upon the transfer of the 'Maryland estate' of every 'decedent,' the amount of which 'Maryland estate tax' shall be equal to the extent, if

---

5. It is unclear why the Comptroller sought recovery of interest on the entire $18,424.66 which was claimed as a credit on the initial Maryland estate tax return. It appears that the correct amount subject to interest was only $17,895.26 because the other $529.40 in inheritance taxes was paid before the original Maryland estate tax return was filed. Inexplicably, the *Page* court did not address this seeming inconsistency.

any, of the excess of the 'credit' over the aggregate of 'State taxes' paid by or out of the 'Maryland estate' of the 'decedent' or any part thereof, provided, however, that such 'Maryland estate tax' hereby imposed shall in no case exceed the extent to which its payment will effect a saving or diminution in the amount of the 'federal estate tax' payable by or out of the 'Maryland estate' of the 'decedent' had this article not been enacted."

Maryland Code (1957, 1972 Repl.Vol.) Art. 62A, § 2. In *Page,* the Court found to be persuasive the estate's argument that the "word 'paid' may be regarded as the past tense of the verb 'to pay.' " 270 Md. at 732–33, 313 A.2d 691. The Court stated that "[t]he executors ... could properly take credit for what was *to be paid." Id.* at 734, 313 A.2d 691 (emphasis added). In other words, the Court held that the word "paid" in § 2 of Article 62A could also mean "to pay." Consequently, the Court concluded in *Page* that the executors properly claimed credit on the Maryland estate tax return for inheritance taxes "to be paid" in the future and thus the corresponding estate tax liability was correctly reduced by those future inheritance tax payments.

In addition to the construction of the word "paid," the Court also based its decision on logic and on the practical aspects of estate administration. After noting that inheritance taxes are not due until the estate is distributed, the Court said: "To say that the statutory scheme required an overpayment of estate tax within 15 months after death, and the subsequent filing of a claim for refund, upon which no interest was payable once the inheritance tax had been paid, defies both reason and logic, and finds no support in Code." *Id.* at 734, 313 A.2d 691. Therefore, whether grounded in logic or founded upon a construction of the statute, an estate pursuant to *Page* could take credit on the Maryland estate tax return for inheritance taxes to be paid in the future.

It is crystal clear that if we were faced with the same statute today, *Page* would control this case and the Estate would similarly prevail. This is not the situation, however, because Article 62A, § 2 was amended by the legislature

732

shortly after the *Page* decision. *See* Acts of 1975, ch. 56. Consequently, we must examine the version of Article 62A, § 2 that was in place on August 9, 1987, the date of Ms. Jameson's death; it provided:

"In addition to the tax and/or taxes imposed by Article 81, a 'Maryland estate tax' is hereby imposed upon the transfer of the 'Maryland estate' of every 'decedent,' the amount of which 'Maryland estate tax' shall be equal to the extent, if any, of the excess of the 'credit' over the aggregate of 'State taxes' paid by or out of the 'Maryland estate' of the 'decedent' or any part thereof, provided, however, that such 'Maryland estate tax' hereby imposed shall in no case exceed the extent to which its timely payment in accordance with federal law would effect a saving or diminution in the amount of the 'federal estate tax' payable by or out of the 'Maryland estate' of the 'decedent' had this article not been enacted *and provided further that 'State taxes' will be considered 'paid' only when and as payment or payments thereof have been made and received by the appropriate agency or official of the State of Maryland.* The amount of the Maryland estate tax payable under this section is not altered, diminished, or affected in any way by the failure of an estate's representative to properly take and preserve the maximum State death tax credit allowable under federal law."

Maryland Code (1957, Repl.Vol.1983) Art. 62A § 2 (emphasis added). We must ascertain the meaning of this section in order to resolve the issues in this case. In particular, we must discern the significance of the italicized portion of the statute, which was added in 1975 in response to the *Page* decision.

▬▬ Thus, this case involves an issue of statutory construction, the primary goal of which is to effectuate legislative intent. *See State v. Crescent Cities Jaycees*, 330 Md. 460, 468, 624 A.2d 955 (1993) and cases there cited. In determining the intent of the legislature, the primary source is the language of the statute. *See Maryland Nat'l Bank v. Pearce*, 329 Md. 602, 619, 620 A.2d 941 (1993); *Kaczorowski v. City of Baltimore*, 309 Md. 505, 515, 525 A.2d 628 (1987). Absent evidence

to the contrary, the words in a statute should be given their generally understood meaning. *Brodsky v. Brodsky,* 319 Md. 92, 98, 570 A.2d 1235 (1990). In addition, we look to the context surrounding the enactment of a statute to determine the intention of the legislature. For example, we recently said:

"When we pursue the context of statutory language, we are not limited to the words of the statute as they are printed in the Annotated Code. We may and often must consider other 'external manifestations' or 'persuasive evidence,' including a bill's title and function paragraphs, amendments that occurred as it passed through the legislature, its relationship to earlier and subsequent legislation, and other material that fairly bears on the fundamental issue of legislative purpose or goal, which becomes the context within which we read the particular language before us in a given case."

*Pearce,* 329 Md. at 619–20, 620 A.2d 941 (quoting *Kaczorowski,* 309 Md. at 514–15, 525 A.2d 628). It is with these principles in mind that we must determine the legislature's intent when it amended § 2 of Article 62A.

In construing the amended statute, we first look to the plain meaning of the statute. The italicized portion of the statute clearly provides that taxes will be considered paid only when the payments have been made and received by a State agency. Thus, a credit for inheritance taxes paid could only be legitimately claimed if the taxes were in fact paid to the local Register of Wills. This unambiguous new language therefore makes clear that unpaid inheritance taxes may not be taken as a credit against Maryland estate taxes, even if the later payment of inheritance taxes eliminates the estate tax liability. Our search for the meaning of the statute does not end here, however.

As we stated in *Pearce,* 329 Md. at 619, 620 A.2d 941, when searching for the intent of the legislature, we must also look at a statute's "relationship to earlier and subsequent legislation." Prior to the 1975 amendment, as a result of the *Page* decision,

§ 2 of Article 62A, permitted a credit on the Maryland estate tax return for inheritance taxes to be paid in the future. The version of § 2 that existed at the time of the *Page* decision allowed a credit for future inheritance tax payments because the statute could reasonably be interpreted to provide such a credit. As we previously stated, however, the General Assembly amended that section by chapter 56 of the Acts of 1975. Specifically, it added the phrase: "and provided further that 'State taxes' will be considered 'paid' only when and as payment or payments thereof have been made and received by the appropriate agency or official of the State of Maryland." The legislature clearly intended this newly enacted phrase to alter the meaning of the statute; otherwise, such an amendment to § 2 would have been unnecessary. Moreover, if we were to interpret § 2 as having the same meaning as it did when we construed the statute in 1974 in *Page,* the new language added in the 1975 amendment would be rendered mere surplusage. Thus, a comparison of the statute prior to and after the 1975 amendment makes it evident that the General Assembly intended to change the statute so that it could only be interpreted in the following way: Maryland inheritance taxes may only offset the Maryland estate tax liability if the inheritance taxes are in fact paid prior to filing the Maryland estate tax return.

The available legislative history supports this construction of Article 62A, § 2. House Bill 167, which eventually became chapter 56, was enacted for the "purpose of providing that State taxes as defined in Article 62A will be considered paid only when payment or payments thereof have been made and received by the appropriate agency or official of the State of Maryland." *Maryland House Journal 1975,* at 165. In addition, the legislative records contain strong evidence of the legislature's intent to nullify the holding in *Page.* For example, the committee bill file contains a letter dated January 27, 1975, from J. Basil Wisner, Chief Deputy Comptroller, to R. Lee Benson, Director of Division of Fiscal Research, which explains that House Bill 167 was sought by the Comptroller to remedy some of the problems caused by the *Page* decision.

The legislative records also contain material that sets forth the underlying rationale behind House Bill 167:

> "The amendment, by House Bill 167, is designed therefore to bring consistency to the law, to require tax payers to respond to the fifteen month tax due date established by the Legislature, and to clearly establish that the word 'paid' means 'paid' and not 'payable' or 'to be paid', a result which the Comptroller and the Attorney General thought had been accomplished. . . ."

The legislative history and the plain language in Article 62A, § 2 make it abundantly clear that House Bill 167 was written in direct response to the *Page* decision. Thus, we disagree with the Estate's contention that "it is not readily apparent from reading the statute that the [*Page*] ruling has been 'legislatively overruled.'" Consequently, the interpretation of Article 62A, § 2 urged by the Estate in the present case—that the amended language could still be construed as denying the Comptroller the right to charge interest on an estate tax liability which is eliminated by a subsequent payment of inheritance taxes—must be rejected. The legislature amended the statute to remedy the problems created by the *Page* decision and consequently the 1975 amendment effectively overruled *Page.*

The Estate also suggests that a subsequent 1988 amendment to the Maryland estate tax statute highlights the ambiguous language contained in the statute at the time of Ms. Jameson's death. It points to the new wording used in the recodification of the former Article 62A, § 2 in Section 7–304 of the Tax–General Article. Specifically, the Estate argues that the problem with the former language is exemplified by the need for a 1988 amendment which added the requirement that death taxes, in order to reduce the federal credit, must "have *actually* been paid out of the Maryland estate and received by the appropriate unit of this State." Maryland Code (1988) § 7–304(b)(1)(iii) of the Tax–General Article (emphasis added). The addition of the word "actually" merely clarified that the payments must actually be made and not just estimated; it made no substantive change. *See* Acts of 1988,

ch. 2, Revisor's note, at 184. Moreover, the fact that the statute was amended in 1988, which was part of the enactment of the new Tax–General Article, does not alter the fact that the statute was clear and unambiguous prior to 1988, the applicable time in the instant case.

The Estate maintains that imposition of interest for the late filing of an estate tax return, which indicates no estate tax due, is illogical and inequitable. In support of this assertion, the Estate correctly points out that if Maryland estate taxes are refunded due to a subsequent payment of Maryland inheritance taxes, the refund is not accompanied by interest on the overpaid estate taxes. *See* Maryland Code (1988, 1993 Cum.Supp.) § 13–603(b)(2)(iv) of the Tax–General Article. The Estate fails to recognize, however, that the Maryland estate taxes in this example have not been overpaid; rather, the estate taxes were timely paid when an estate tax liability existed. The subsequent payment of inheritance taxes does not change the fact that estate taxes were due at an earlier time. The payment of inheritance taxes, although it triggers a refund of the underlying estate taxes, does not trigger a refund of interest.

The Estate also claims that the primary reason for the *Page* decision was not the construction of the word "paid;" rather, it rested predominantly on equity and logic and the 1975 amendment did not therefore legislatively overrule *Page*. Although *Page* may have rested on equity grounds as well as on the Court's construction of the former version of Article 62A, § 2, the amended statute was unequivocally clear that a credit could only be taken on the Maryland estate tax return for inheritance taxes that were in fact paid.

Section 3 of Article 62A then provided that Maryland estate taxes were due fifteen months after the date of death. In the instant case, the State did not receive an estate tax payment from the Estate by that time. The Estate maintains that it did not pay the estate tax at the time it was due because the subsequent inheritance tax payment would eliminate the estate tax liability. The inheritance taxes, however, were not

paid within fifteen months. Therefore, at the time the estate tax was due, an estate tax liability existed because the Estate had not yet paid estate taxes or inheritance taxes. The Comptroller could thus legitimately begin to assess interest on the unpaid estate taxes.

Because the *Page* result was changed by the 1975 amendment and because § 2 of Article 62A, now § 7–304 of the Tax–General Article, does not permit a credit for inheritance taxes to be paid in the future, the Comptroller properly assessed interest against the Estate for the failure to timely pay Maryland estate taxes.

## IV

The crux of the Estate's second argument is that because no federal credit was "allowable" according to federal estate tax law, the computation of Maryland estate tax must result in a Maryland estate tax liability of zero. The Estate correctly points out that a federal credit for state death taxes paid is only permitted on the federal estate tax return if the state death taxes are actually paid. *See* I.R.C. § 2011.[6] The Estate maintains that if state inheritance taxes are not paid by the due date of the Maryland estate tax return, then on line 10 of the Maryland estate tax return, a tax preparer must enter zero because no federal credit for state death taxes paid is available. Consequently, the Estate avers, a calculation of Maryland estate tax liability would necessarily equal zero because the Maryland estate tax is determined by taking the allowable federal credit and subtracting the inheritance taxes paid from it.

---

**6.** It is interesting to note that although § 2011 of the Internal Revenue Code requires that state death taxes actually be paid before claiming a credit for state death taxes on the federal estate tax return, we understand that the Internal Revenue Service does not require *Maryland estates* to actually pay state death taxes before claiming the federal credit pursuant to § 2011. Rather, the Internal Revenue Service leaves the enforcement of this provision to the State of Maryland; apparently, an unwritten "treaty" exists between the Internal Revenue Service and the State of Maryland that permits Maryland estates to claim the federal credit and then pay the Maryland death taxes.

In the instant case, the Estate argues that no federal credit was allowable because Maryland inheritance taxes had yet to be paid. Thus, the Estate maintains that "the Maryland estate tax liability as of the due date of the [Maryland estate tax] return was zero."

Although the above creative reasoning may have at one time had some merit, a 1978 amendment to Article 62A, § 2 clearly rejected this approach. *See* Acts of 1978, ch. 109. In House Bill 220, which became chapter 109, the legislature closed this potential loophole. It added the following sentence to the former Article 62A, § 2: "The amount of the Maryland estate tax payable under this section is not altered, diminished, or affected in any way by the failure of an estate's representative to properly take and preserve the maximum state death tax credit allowable under federal law." [7]

The plain meaning of this sentence is that Maryland estate tax is calculated based upon what the maximum federal credit available to the estate is; not on what the executor of the estate chooses to claim as a federal credit. The available legislative history also supports this construction. For example, the purpose of chapter 109 of the Acts of 1978 was, *inter alia,* to specify "that failure of the estate's representative to take and preserve the maximum, allowable State death tax credit does not affect the amount of the Maryland estate tax." *Maryland House Journal 1978,* at 213. In addition, findings by the House Ways and Means Committee state that once House Bill 220 passed, the "[f]ailure of an individual to file for the Federal tax credit will in no way alter, diminish or affect the amount of the Maryland Estate Tax due" and "the State will never again reimburse an individual who fails to submit the claim for the federal tax credit on time."

---

7. The amendment enacted by chapter 109 was subsequently recodified without substantive change in the Tax–General Article:
   *"Failure to fake full federal credit*—The Maryland estate tax is not affected by a failure to take or preserve the federal credit."
   Maryland Code (1988) § 7–304(c) of the Tax–General Article.

██ The available legislative history and the plain language in § 2 of Article 62A make it apparent that an estate may not benefit from the failure to take the maximum credit on the federal estate tax return. Rather, the Maryland estate tax must be calculated using the maximum allowable federal credit, regardless of whether or not the estate actually utilized the available federal credit.

Therefore, the Estate's contention that it owed no Maryland estate tax because it could not have properly taken the federal state death tax credit is without merit. The Estate's Maryland estate tax liability was properly calculated by the Comptroller using the maximum allowable federal credit.

### V

We realize that "[a]lthough the thinking behind the legislative scheme can be simply stated, the practical application of the law is fraught with complexity." *Page*, 270 Md. at 729–30, 313 A.2d 691. Because of the interconnection between the Maryland estate tax and inheritance tax, great difficulty often "arises from the fact that it is impossible in many instances to determine the exact amount of inheritance tax payable until after the Maryland estate tax return must be filed." H. Vernon Eney, *Death and Taxes—Maryland Style*, 17 Md. L.Rev. 101, 111 (1957). *See also Page*, 270 Md. at 730, 313 A.2d 691 ("In the administration of substantial estates, it is customary to delay distribution of a major portion of the assets until the federal estate tax liability is finally determined, which may come a year or more after the date of death.").

It is readily understandable that some estates may be placed in a difficult position because of the present structure of death taxes in Maryland. Any estate that takes longer than nine months to administer and has significant inheritance tax liability seems to have only three options available to it: (1) pay the Maryland estate tax in an amount equal to the federal estate tax credit after nine months; pay the inheritance tax when the property is finally distributed; then seek a refund of

estate tax from the Comptroller which will be granted, but without interest; (2) withhold Maryland estate taxes until the estate distributes the property and pays the inheritance tax, but be subject to interest for the late payment of Maryland estate taxes; or (3) prepay an estimated amount of Maryland inheritance taxes and properly claim a credit on the Maryland estate tax return.[8]

Although the present state death tax system is anything but logical, it is nonetheless set forth in clear and unambiguous language in the Code. We therefore conclude that the Comptroller legitimately assessed interest against the Estate for the late payment of Maryland estate taxes.

*JUDGMENT OF THE CIRCUIT COURT FOR CHARLES COUNTY REVERSED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY THE APPELLEE.*

---

8.  A fourth option was at one time available. Estates were permitted to timely pay estate tax and later claim a credit for estate taxes against the estate's inheritance tax liability. *See* 24 Op. Att'y Gen. 943 (1938). A subsequent Attorney General Opinion, however, reversed this earlier opinion, thus foreclosing this avenue. *See* 39 Op. Att'y Gen. 284 (1954). Although the *Page* Court, 270 Md. at 730 n. 6, 313 A.2d 691, thought this was an "eminently sensible solution [to] the problem," the practical realities indicate that this "solution" also creates potential problems with our complicated state death tax system.

   The problem with this "solution" is that it does not address the fact that the estate tax is paid to the State Comptroller while the inheritance tax is paid to the local Register of Wills. Moreover, the Register of Wills receives a 25% commission on the inheritance taxes collected by that office, but receives nothing when estate taxes are paid directly to the Comptroller. Thus, the Register of Wills probably would strenuously object to a credit that offsets the inheritance taxes due to them. *See* Eney, *supra*, 17 Md.L.Rev. at 112 n. 62. In addition, another complicating factor is that the estate tax is paid by the estate while the inheritance tax is paid by the beneficiaries.