557 A.2d 268

**STATE of Maryland**

v.

**John Kevin KENNEDY.**

No. 1422, Sept. Term, 1988.

Court of Special Appeals of Maryland.

May 3, 1989.

Diane E. Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Thomas E. Hickman, State's Atty. for Carroll County, Westminster, on the brief), Baltimore, for appellant.

José Felipé Anderson, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief) Baltimore, for appellee.

Argued before GILBERT, C.J., and BLOOM and WENNER, JJ.

GILBERT, Chief Judge.

Judge Donald J. Gilmore, at a non-jury trial in the Circuit Court for Carroll County, entered a verdict of guilty against John Kevin Kennedy for the crime of escape. The judge stayed entry of the judgment and placed Kennedy on probation for a period of five years.

The State asks this Court to reverse that judgment by determining that Md.Ann.Code art. 27,

§ 139(a)(1)(Repl.Vol.1987) precludes probation on a conviction for escape.[1]

At the time of Kennedy's elopement, he was serving an eighteen month sentence for driving while intoxicated. The escape was affected by his failure to return to the Carroll County Detention Center following work release. He was subsequently arrested and returned to confinement. Significantly, we think, when Kennedy's case was called for trial, the eighteen month sentence for the DWI had been totally served.

Md.Ann.Code art. 27, § 139(a)(1) provides:

"If any individual who is legally detained in the State Penitentiary or a jail, house of correction, reformatory, station house, or other place of confinement in this State or who is committed to the Drug Abuse Administration for examination or inpatient treatment escapes, the individual is guilty of a felony and on conviction by the circuit court for the county in which the escape takes place, is subject to confinement in the State Penitentiary or a jail or house of correction for an additional period not exceeding 10 years. The sentence imposed under this subsection shall be consecutive to any sentence which was being served at the time of the escape, or any sentence which had been imposed but was not yet being served at the time of sentencing on the escape. A sentence imposed under this subsection may not be suspended."

The statute does not mandate a minimum sentence or any specific sentence. It does, however, command that a convicted escapee shall receive a consecutive sentence. Yet that provision is patently inapplicable to the instant case, since there is no sentence with which a consecutive sentence could be imposed.

The State asserts, nevertheless, that requiring a consecutive sentence and prohibiting the suspension of any part is logically at odds with the imposition of probation.

---

1. A serious question arises as to whether there was a waiver by virtue of consent, but the issue was not raised.

Be that as it may, the law is that penal statutes must be strictly construed. *State v. Fabritz*, 276 Md. 416, 348 A.2d 275 (1975). A court is required to follow the plain meaning of the language of a statute. *Coleman v. State*, 281 Md. 538, 546, 380 A.2d 49 (1977). There is no ambiguity in the above-quoted language of § 139(a)(1), hence no room for construction. Despite the way the State sees it, we believe that had the legislature wanted to prohibit the imposition of probation it would have done so.

Judge Gilmore considered Kennedy's family circumstances in deciding to impose probation. From the record we learn that at the time of the escape Kennedy's daughter suffered serious medical problems, and she was required to undergo several operations.

There is nothing in § 139(a)(1) that proscribes the imposition of probation, particularly when there is no other sentence with which a jail term may be made to run consecutively. Under the peculiar circumstances of this case, we hold that Judge Gilmore did not abuse his discretion.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY CARROLL COUNTY.