580 A.2d 193

**STATE of Maryland**

v.

**John Kevin KENNEDY.**

**No. 85, Sept. Term, 1989.**

Court of Appeals of Maryland.

Oct. 9, 1990.

Diane E. Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for petitioner.

José Felipé Anderson, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for respondent.

Argued before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS *, CHASANOW and CHARLES E. ORTH, Jr., Judge of the Court of Appeals of Maryland (retired, Specially Assigned), JJ.

---

* Adkins, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

COLE, Judge.

In this case we must determine whether the Circuit Court for Carroll County erred in granting Petitioner probation before judgment pursuant to Maryland Code (1957, 1987 Repl.Vol., 1989 Cum.Supp.), Article 27, § 641 rather than imposing extra jail time when he had been found guilty of escape under Maryland Code (1957, 1987 Repl.Vol., 1989 Cum.Supp.), Art. 27, § 139.

Petitioner, John Kevin Kennedy, was found guilty of escape from the Carroll County Detention Center. He had been serving an 18 month sentence in the work release program as a result of a conviction for driving while intoxicated. He failed to return to the detention center after work, and he was charged with and convicted of escape under Art. 27, § 139, which states in pertinent part:

> If any individual who is legally detained in the State penitentiary or a jail, house of correction, reformatory, station house, or other place of confinement in this State or who is committed to the Alcohol and Drug Abuse Administration for examination or inpatient treatment escapes, the individual is guilty of a felony and on conviction by the circuit court for the county in which the escape takes place, is subject to confinement in the State penitentiary or a jail or house of correction for an additional period not exceeding 10 years. The sentence imposed under this subsection shall be consecutive to any sentence which was being served at the time of the escape, or any sentence which had been imposed but was not yet being served at the time of sentencing on the escape. A sentence imposed under this subsection may not be suspended.

Kennedy's counsel sought a lenient sentence, maintaining that Kennedy's escape was the result of his concern for his young daughter who was seriously ill and required surgery.

The trial judge deferred entry of judgment and placed Kennedy on five years supervised probation before judgment pursuant to Art. 27, § 641(a) which provides in part:

> Whenever a person accused of a crime pleads guilty or nolo contendere or is found guilty of an offense, a court exercising criminal jurisdiction, if satisfied that the best interests of the person and the welfare of the people of the State would be served thereby, and with the written consent of the person after determination of guilt or acceptance of a nolo contendere plea, may stay the entering of judgment, defer further proceedings, and place the person on probation subject to reasonable terms and conditions as appropriate.

The State then appealed pursuant to Md. Code (1974, 1989 Repl.Vol.), Courts and Judicial Proceedings Art. § 12–302(c)(2), which allows an appeal by the State, "if the State alleges that the trial judge failed to impose the sentence specifically mandated by the Code." The Court of Special Appeals held that although the escape statute requires a consecutive sentence and prohibits suspension of a sentence imposed, it does not proscribe imposition of probation before judgment. *State v. Kennedy*, 79 Md.App. 433, 557 A.2d 268 (1989). Accordingly, the intermediate appellate court affirmed the judgment of the circuit court. *Id.* We disagree.

The words of § 139 are plain and unambiguous. The escapee is to receive an additional prison sentence, consecutive to the one already being served, no part of which can be suspended. The legislature intended that a person who escapes from prison should, upon being tried and found guilty, be punished.

The courts below presumably analyzed the statute so as not to preclude a disposition of probation before judgment because such disposition is not specifically excluded. While the escape statute does not mention probation before judgment, this fact is not determinative of the meaning and purpose of the statute. Our cases are legion which state that in interpreting a statute we should employ a rule of construction that avoids a result inconsistent with common sense. *See Kaczorowski v. City of Baltimore*, 309 Md. 505,

513, 525 A.2d 628 (1987). *See also, Harford County v. University of Maryland Medical System*, 318 Md. 525, 529–30, 569 A.2d 649 (1990); *Potter v. Bethesda Fire Dept.*, 309 Md. 347, 353, 524 A.2d 61 (1987); *In re Special Investigation No. 281*, 299 Md. 181, 200, 473 A.2d 1 (1984); *Cider Barrel Mobile Home Court v. Eader*, 287 Md. 571, 583, 414 A.2d 1246 (1980); *Francois v. Alberti Van and Storage Co.*, 285 Md. 663, 670, 404 A.2d 1058 (1979). The General Assembly intended to single out escapees from other criminals. It did not intend to forgive an escapee's felonious act by awarding him probation before judgment as punishment, a disposition that negates any record of the conviction and is not a conviction for purposes of any of the disqualifications or disabilities imposed by law because of a felony conviction.

The history of the legislative action regarding escapees makes it even clearer that extra incarceration was the punishment the legislature intended for convicted escapees. Since 1837, one convicted of escape was to serve an *additional* sentence to the one already being served for the underlying offense. In 1976 such intent was made even clearer when the legislature made the additional sentence *consecutive* to the one already being served. The sentence was therefore tacked onto the original sentence, giving the escapee more time in prison; it could not run concurrently with the original sentence. Moreover, the additional consecutive sentence could not be suspended, indicating even more clearly the intent that the escapee suffer extra time in prison. Imposing probation before judgment on one convicted of escape frustrates this obvious intent.

The "cardinal rule" of statutory construction set forth by this Court dictates that the real and actual intent of the legislature should prevail over a mechanical reading of the statute. *See State v. Fabritz*, 276 Md. 416, 421, 348 A.2d 275 (1975), *cert. denied*, 425 U.S. 942, 96 S.Ct. 1680, 48 L.Ed.2d 185 (1976). *See also In re Criminal Investigation No. 1–162*, 307 Md. 674, 685, 516 A.2d 976 (1986); *In re Ramont K.*, 305 Md. 482, 484, 505 A.2d 507 (1986); *Blan-*

*don v. State,* 304 Md. 316, 319, 498 A.2d 1195 (1985); *Willis v. State,* 302 Md. 363, 374–75, 488 A.2d 171 (1985); *Sites v. State,* 300 Md. 702, 710, 481 A.2d 192 (1984); *Board of Education of Garrett County v. Lendo,* 295 Md. 55, 62, 453 A.2d 1185 (1982). The intent of the legislature that a sentence be imposed in addition to and consecutive to the sentence from which the offender attempted to escape is crystal clear. Probation was not in the offing.

A defendant may be placed on probation when a sentence (or any part thereof) or the imposition of any sentence is suspended. Under § 139, a sentence imposed may not be suspended. Clearly, the words "sentence imposed" are meant to be used in the broadest sense, and are thereby intended to preclude suspension of the execution or imposition of the sentence in cases of escape. Therefore, probation, if any were to be ordered under a suspended sentence, is likewise precluded. It is equally clear, then, that this legislative intent also extends to the more benign disposition of probation before judgment. It follows that the belief of the courts below that there is no requirement in the escape statute that a sentence of incarceration be imposed is incorrect.

■ We are left, then, with two statutes, one that allows probation before judgment (§ 641) and one that, as we see it, does not (§ 139). The question is whether the two can be reconciled. We think they can be. We shall attempt to give full effect to each section. *Board of Education of Garrett County v. Lendo,* 295 Md. 55, 62, 453 A.2d 1185 (1982); *Welsh v. Kuntz,* 196 Md. 86, 97, 75 A.2d 343 (1950).

Generally, in construing penal statutes we employ the "rule of lenity," that is, statutes are strictly construed, in favor of the accused. *Wynn v. State,* 313 Md. 533, 539, 546 A.2d 465 (1988); *Johnson v. State,* 75 Md.App. 621, 631, 542 A.2d 429, *cert. denied,* 316 Md. 675, 561 A.2d 215 (1988); *Calhoun v. State,* 46 Md.App. 478, 488, 418 A.2d 1241, *aff'd,* 290 Md. 1, 425 A.2d 1361 (1980). A rule should not, however, be invoked to subvert the purposes of the statute.

*Wynn v. State,* 313 Md. at 540, 546 A.2d 465, quoting *U.S. v. Brown,* 333 U.S. 18, 25–26, 68 S.Ct. 376, 92 L.Ed. 442 (1948); *State v. Smith,* 73 Md.App. 378, 383, 534 A.2d 371, *cert. granted,* 312 Md. 427, 540 A.2d 489, *aff'd,* 316 Md. 223, 557 A.2d 1343 (1987). The intention of the legislature in drafting a statute should control a court's construction of that statute. *Johnson v. State,* 75 Md.App. at 631, 542 A.2d 429. The intention that a convicted escapee be sentenced to an additional, consecutive, unsuspended jail sentence is clear and should therefore control our construction of § 139.

Section 641(a) is a general provision that applies to anyone found guilty of a crime; it authorizes probation before judgment. Section 139 is a specific provision that applies only to convicted escapees; it implicitly prohibits probation before judgment. It is clear that when there is a conflict between general and specific provisions in the same statute or in two different statutes, the more specific is usually viewed as an exception to the general. *See Kee v. State Highway Admin.,* 313 Md. 445, 458, 545 A.2d 1312 (1988); *Prince George's County v. Fitzhugh,* 308 Md. 384, 390, n. 4, 519 A.2d 1285 (1987); *Farmers & Merchants Bank v. Schlossberg,* 306 Md. 48, 63, 507 A.2d 172 (1986); *Lumbermen's Mutual Casualty v. Ins. Comm'r,* 302 Md. 248, 268–69, 487 A.2d 271 (1985); *DeJarnette v. Federal Kemper Ins. Co.,* 299 Md. 708, 717–18, 475 A.2d 454 (1984); *A.S. Abell Pub. Co. v. Mezzanote,* 297 Md. 26, 40–41, 464 A.2d 1068 (1983); *Director of Finance, Prince George's County v. Cole,* 296 Md. 607, 635, 465 A.2d 450 (1983); *Employ. Sec. Adm. v. Browning–Ferris,* 292 Md. 515, 526, 438 A.2d 1356 (1982); 2A N. Singer, *Sutherland on Statutes & Statutory Construction,* § 51.05 (rev. 4th ed. 1984).

Therefore, §§ 641(a) and 139 can be harmonized by a commonsense interpretation; the more general § 641(a) which allows probation before judgment applies to all persons found guilty of crimes *except* those who are subject to a mandatory prison sentence under a specific section of the Code such as § 139. Here, the Petitioner must receive a

prison sentence, one imposed by § 139, an exception to the general rule of § 641(a). Hence, section 641(a) does not apply to Kennedy at all.

Therefore, since probation before judgment is clearly an impermissible sentencing alternative under § 139, the courts below erred in relying on Art. 27, § 641(a) to provide the authority to grant Kennedy probation before judgment. A sentence of incarceration additional to the one he was serving at the time of his escape is the only legal alternative under § 139. The sentence imposed was not that mandated by law. Therefore, the State was entitled to appeal the judgment under § 12–302(c)(2) of the Courts Article.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO VACATE THE SENTENCE OF THE CIRCUIT COURT FOR CARROLL COUNTY AND REMAND TO THAT COURT FOR A NEW SENTENCING PROCEEDING. RESPONDENT TO PAY THE COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS.

ADKINS, Judge, dissenting.

I dissent for the reasons stated by the Court of Special Appeals in this case. *See State v. Kennedy,* 79 Md.App. 433, 557 A.2d 268 (1989).