659 A.2d 1347

**Larry WHACK**

v.

**STATE of Maryland.**

**No. 73, Sept. Term, 1994.**

Court of Appeals of Maryland.

June 23, 1995.

666

---

Mark Colvin, Asst. Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

Kimberly Smith Ward, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RAKER, Judge.

 Once more we must construe criminal statutes that impose an enhanced penalty on certain offenders. In this appeal we are called upon to determine the meaning of the word "convicted" as it is used in Maryland Code (1957, 1992 Repl.Vol., 1993 Cum.Supp.) Article 27, § 286(c) and § 293.[1] Section 286(c) mandates that a defendant who "previously has been convicted" of certain controlled dangerous substances offenses receive a 10-year minimum sentence of imprisonment, without the possibility of parole. Section 293(a) permits a sentence enhancement of twice the term of imprisonment or fine for any person convicted of a drug offense as a second or subsequent offender. The question in this appeal is whether a defendant "has previously been convicted" for purposes of applying § 286(c) and § 293 where the predicate conviction is pending on appeal. We must also determine whether § 286(c) and § 293 may be applied in the same case to enhance the sentences on different counts. We answer both questions in the affirmative.

---

1. Unless otherwise specified, all statutory cites herein are to Maryland Code (1957, 1992 Repl.Vol., 1993 Cum.Supp.) Article 27.

## I.

On March 11, 1993, Larry Whack was convicted by a jury in the Circuit Court for Prince George's County of several drug-related offenses, including importing 28 grams or more of cocaine, in violation of § 286A(a)(2), and conspiracy to distribute cocaine in violation of § 286(a)(1). On April 1, 1993, Judge Graydon S. McKee, III, sentenced Whack to a total of 85 years in prison, 25 years to be served without parole. In this appeal, we are concerned with the sentences imposed on counts 2 and 15. On count 2, conspiracy to distribute cocaine, Whack received 40 years, 10 years to be served without parole; on count 15, importing 28 grams or more of cocaine, he received 50 years, to be served concurrently with the sentences imposed on counts 2, 11, and 13.

At sentencing on April 1, 1993, pursuant to § 286(c) and § 293, Judge McKee imposed enhanced sentences on counts 2 and 15. On count 2, Judge McKee applied both § 286(c) and § 293: the maximum penalty of 20 years was doubled to 40 years pursuant to § 293, and the 10-year minimum sentence without parole was imposed pursuant to § 286(c). On count 15, Judge McKee only applied § 293: the maximum penalty of 25 years was doubled to 50 years. A sentence review panel subsequently reduced the sentence on count 2 from 40 years, 10 years to be served without parole, to 20 years, 10 years to be served without parole; thus, Whack's sentence on count 2, as it now stands, is enhanced only by § 286(c). The panel also reduced the sentence on count 15 from 50 years, concurrent, to 40 years, concurrent; thus, Whack's sentence on count 15 remains enhanced only by § 293.[2]

---

2. Whack was originally sentenced to a total of 85 years in prison, 25 years to be served without parole. This sentence was computed as follows: count 2, conspiracy to distribute cocaine, 40 years, 10 years to be served without parole; count 11, possession of cocaine with intent to distribute, 20 years, 5 years to be served without parole, consecutive to the sentence imposed on count 2; count 13, use of a firearm during and in relation to a drug trafficking crime, 5 years without parole, consecutive to the sentences imposed on counts 2 and 11; count 15, importing 28 grams or more of cocaine, 50 years, concurrent with the sentences imposed on counts 2, 11, and 13; and count 17, possession of cocaine

■ The predicate offense for the enhanced sentences was Whack's conviction on October 24, 1991, in the Circuit Court for Cecil County, for possession with intent to distribute controlled dangerous substances, an offense under § 286(a)(1) of Article 27. Judge McKee rejected Whack's argument that because the Cecil County conviction was pending on appeal, it was not a final conviction and it could not serve as a predicate for the imposition of enhanced punishment. Whack was sentenced in the Cecil County case on February 20, 1992; the Court of Special Appeals affirmed that conviction on November 27, 1992. *Whack v. State*, 94 Md.App. 107, 615 A.2d 1226 (1992), *cert. denied*, 330 Md. 155, 622 A.2d 1196 (1993). We denied Whack's petition for a writ of certiorari on April 21, 1993; thus, his petition regarding the predicate offense was pending before this Court at the time that Judge McKee imposed the enhanced penalties.

Whack appealed to the Court of Special Appeals, arguing, *inter alia*, that the trial court erred in sentencing him as a subsequent offender pursuant to Article 27, § 286(c) and § 293 when the predicate conviction was not final and was pending on appeal. He also argued that the court erred in imposing enhanced sentences under both § 286(c) and § 293. In an unreported opinion, the intermediate appellate court rejected both arguments and affirmed his convictions.

We granted Whack's petition for a writ of certiorari to consider two questions: first, whether a prior conviction can serve as the predicate for the imposition of enhanced punishment under § 286(c) and § 293 when that conviction is pending on appeal in the Court of Special Appeals or the Court of Appeals, and second, whether enhanced sentences may be imposed, in the same case, under both § 286(c) and § 293.

---

with intent to distribute, 20 years, 5 years to be served without parole, consecutive to the sentences on counts 2, 11, and 13. The record does not indicate the statutory basis of the sentences on counts 11 and 17, but apparently it is § 286(f). After the sentence review panel reduced Whack's sentences on counts 2 and 15, his total sentence was reduced from 85 years to 65 years, 25 years to be served without parole.

## II.

### A.

Section 286(c)(1) of Article 27 provides in pertinent part:

"(c)(1) A person who is convicted under subsection (b)(1) or subsection (b)(2) of this section,[3] or of conspiracy to violate subsection (b)(1) or (b)(2) of this section shall be sentenced to imprisonment for not less than 10 years *if the person previously has been convicted*:

"(i) Under subsection (b)(1) or subsection (b)(2) of this section;

"(ii) Of conspiracy to violate subsection (b)(1) or subsection (b)(2) of this section. . . ." [4]

(emphasis added). Section 293 of Article 27 provides in pertinent part:

"(a) Any person convicted of any offense under this subheading is, *if the offense is a second or subsequent offense,* punishable by a term of imprisonment twice that otherwise authorized, by twice the fine otherwise authorized, or by both.

"(b) For purposes of this section, *an offense shall be considered a second or subsequent offense, if, prior to the conviction of the offense, the offender has at any time been convicted* of any offense or offenses under this subheading or under any prior law of this State or any law of the United

---

**3.** Section 286(b)(1) provides, *inter alia,* that any person distributing a Schedule I or II narcotic drug is guilty of a felony and subject to imprisonment for not more than 20 years and/or a fine of not more than $25,000. Section 286(b)(2) provides, *inter alia,* that a person convicted of distributing certain non-narcotic Schedule I or II drugs is subject to imprisonment for not more than 20 years and/or a fine of not more than $20,000.

**4.** Section 286(c)(1)–(2) mandates that a person sentenced as a second offender be sentenced to imprisonment for not less than 10 years; that the sentence may not be suspended to less than 10 years; and that the person may be paroled during that period only in accordance with Article 31B, § 11 of the Maryland Code relating to parole for persons confined for treatment at the Patuxent Institution.

States or of any other state relating to the other controlled dangerous substances as defined in this subheading."

(emphasis added).

The words "conviction," "prior conviction," and "previously has been convicted" are not defined in the definitional section of the Controlled Dangerous Substances Act or in § 286(c) or § 293. Consequently, whether the statutes require the absence of a pending appeal on the prior conviction is unclear on the face of the statutes. The statutes are simply silent as to the necessity for or the degree of finality that must attach to the prior conviction before it may be considered as a predicate offense for sentence enhancement. The critical question we must answer is whether a person has previously been convicted of a crime for purposes of enhanced penalties under § 286(c) and § 293 when the predicate conviction is pending on appeal.

### B.

When called upon to construe the meaning of statutory language, our goal is to ascertain and effectuate legislative intent. *See, e.g., Jones v. State,* 336 Md. 255, 260, 647 A.2d 1204, 1206 (1994); *Mustafa v. State,* 323 Md. 65, 73, 591 A.2d 481, 485 (1991). We first examine the primary source of legislative intent, the words of the statute, giving them their ordinary and natural meaning. *See, e.g., Parrison v. State,* 335 Md. 554, 559, 644 A.2d 537, 539 (1994); *Harris v. State,* 331 Md. 137, 145, 626 A.2d 946, 950 (1993); *Richmond v. State,* 326 Md. 257, 262, 604 A.2d 483, 485–86 (1992). If the meaning of the language is unclear or ambiguous, "we must consider 'not only the literal or usual meaning of the words, but their meaning and effect in light of the setting, the objectives and purpose of the enactment,' in our attempt to discern the construction that will best further the legislative objectives or goals." *Gargliano v. State,* 334 Md. 428, 436, 639 A.2d 675, 678 (1994) (quoting *Tucker v. Fireman's Fund Ins. Co.,* 308 Md. 69, 75, 517 A.2d 730, 732 (1986)).

■ When a word susceptible of more than one meaning is repeated in the same statute or sections of a statute, it is presumed that it is used in the same sense. *State v. Knowles*, 90 Md. 646, 654, 45 A. 877, 878 (1900); *see also Atlantic Cleaners & Dyers v. United States*, 286 U.S. 427, 433, 52 S.Ct. 607, 608–09, 76 L.Ed. 1204 (1932); 2A N. Singer, *Sutherland Statutory Construction* § 46.06, at 120 (5th ed. 1992). This presumption yields, however, where it is apparent that the words used warrant the conclusion that they were employed in different parts with a different intent. *Knowles*, 90 Md. at 654, 45 A. at 878; *see also Atlantic Cleaners & Dyers*, 286 U.S. at 433, 52 S.Ct. at 609 ("It is not unusual for the same word to be used with different meanings in the same act, and there is no rule of statutory construction which precludes the courts from giving to the word the meaning which the Legislature intended it should have in each instance.").

■ When we are called upon to interpret two statutes that involve the same subject matter, have a common purpose, and form part of the same system, we read them *in pari materia* and construe them harmoniously. *See, e.g., State v. Thompson*, 332 Md. 1, 7, 629 A.2d 731, 734 (1993); *State v. Loscomb*, 291 Md. 424, 432, 435 A.2d 764, 768 (1981). Full effect is given to each statute to the extent possible, and we will not add or delete words to obtain a meaning not otherwise evident from the statutory language. *See, e.g., Thompson*, 332 Md. at 7, 629 A.2d at 734–35; *Loscomb*, 291 Md. at 432, 435 A.2d at 768.

■ Whack suggests that we resolve any doubt regarding a finality requirement in his favor based on the rule of lenity. In our view, he misconstrues the principle. While penal statutes are strictly construed, the construction given them ultimately depends upon ascertaining the intention of the Legislature when it drafted and enacted the statutes in question. *See, e.g., Garnett v. State*, 332 Md. 571, 585, 632 A.2d 797, 804 (1993); *State v. Kennedy*, 320 Md. 749, 755, 580 A.2d 193, 196 (1990). The rule of lenity may not be invoked to subvert the purpose of a statute. *Id.* at 754, 580 A.2d at 195. It is reserved for cases where, " '[a]fter "seiz[ing] everything

from which aid can be derived," the Court is "left with an ambiguous statute" ' containing a 'grievous ambiguity or uncertainty.' " *Jones,* 336 Md. at 262, 647 A.2d at 1207 (quoting *Staples v. United States,* —— U.S. ——, —— n. 17, 114 S.Ct. 1793, 1804 n. 17, 128 L.Ed.2d 608 (1994)) (citations omitted in original) (alteration in original).

Against this background of well-settled rules of statutory construction, we turn to our task of ascertaining what it means to already have been "convicted" for purposes of § 286(c) and § 293.

## III.

On several occasions we have recognized that the meaning of the word "convicted" varies depending upon the context and purpose of the particular statute in which it appears. *Jones v. Baltimore City Police,* 326 Md. 480, 483–84, 606 A.2d 214, 215 (1992); *Shilling v. State,* 320 Md. 288, 296, 577 A.2d 83, 87 (1990); *State v. Broadwater,* 317 Md. 342, 347, 563 A.2d 420, 423 (1989); *Myers v. State,* 303 Md. 639, 642, 496 A.2d 312, 313 (1985). In *Myers,* following a review of our cases in which we analyzed the meaning of the word, we found that "it is inescapable that we have consistently equated a 'conviction' with the judgment of the court on the verdict and not with the mere determination of guilt." *Id.* at 645, 496 A.2d at 315. We held that "unless the context in which the word is used indicates otherwise, a 'conviction' is the final judgment and sentence rendered by a court pursuant to a verdict or plea of guilty." *Id.* Consistent with this interpretation, we hold that prior convictions pending on appeal may be used to impose enhanced sentences under § 286(c) and § 293. *Cf. Hutchinson v. State,* 292 Md. 367, 370, 438 A.2d 1335, 1337 (1982) (holding that a trial court may revoke probation based on conviction pending on appeal).

In § 286(c)(1), the word "convicted" appears two times in the same paragraph. Neither party questions the meaning of the word as it first appears in § 286(c)(1). It is clear from the context of the statute that the word is used in its general and

popular sense, and means the establishment of guilt prior to, and independent of, the judgment of the court. It is obvious that the first reference—*a person who is convicted under § 286(b)(1) or (2), or of conspiracy to violate the same*—is to the defendant before the court.

The second appearance of "convicted"—*if the person has previously been convicted*—is the operative term for subsequent offender treatment. This word may be interpreted in one of three ways: in its general and popular sense, to mean establishment of guilt pursuant to a verdict or plea of guilty; in its legal and technical sense, to mean following judgment or sentence; or in its "final" sense, to mean establishment of guilt, judgment, or sentence, and absence or resolution of any appeal. A similar analysis applies to the interpretation of the words "conviction" and "convicted" as they appear in § 293 (*an offense is a second or subsequent offense, if, prior to the conviction of the offense, the offender has been convicted*).

■ We adopt the second interpretation of the word "convicted" and conclude that an earlier judgment of conviction is a prior conviction within the meaning of § 286(c) and § 293, even if on appeal. "Convictions are a verity until set aside, and the use of prior convictions pending on appeal for punishment enhancement in another case is permissible." *State v. Swartz*, 140 Ariz. 516, 683 P.2d 315, 318 (Ct.App.1984) (citing *State v. Court of Appeals, Division I*, 103 Ariz. 315, 441 P.2d 544 (1968)); *accord Prock v. State*, 471 So.2d 519, 521 (Ala. Crim.App.1985).

Whack argues that, for purposes of § 286(c) and § 293, "convicted" means the exhaustion of all avenues of appellate review, so that only final convictions are prior convictions. Whack recognizes that the resolution of the issue before us "involves competing policy considerations" and concedes that "allowing a conviction that is pending appeal to serve as a predicate conviction is consistent with the general purpose of the statute, *i.e.*, 'to impose more stringent penalties on certain offenders who [repeatedly] persist in a pattern of criminal conduct.' " Petitioner's Brief at 6 (quoting *Gargliano v. State*,

334 Md. 428, 442, 639 A.2d 675, 681 (1994)). Nonetheless, Whack argues that by precluding the use of a conviction as a predicate for enhanced punishment where the predicate conviction is pending on appeal or the time for noting an appeal has not expired, the need for resentencing should the earlier conviction be reversed is eliminated and certainty in the application of § 286(c) and § 293 is assured.

Whack urges a pragmatic approach and argues that the interest of judicial economy should prevail. He relies on a line of federal cases holding that, under the federal repeat offender sentence enhancement statute, 21 U.S.C. § 841 (1988 & Supp. V 1993),[5] a prior conviction is not final until all opportunity for direct appeal has been exhausted. He points out that judicial economy prompted Congress to require that a prior conviction be final before it can be used as a predicate for an enhanced penalty. His reliance on this authority, however, is misplaced.

Before 1970, the federal statute read "previously been convicted," which was interpreted by several courts to mean convicted in the trial court. *See Rogers v. United States,* 325 F.2d 485, 487 (10th Cir.1963), *vacated on other grounds and remanded for resentencing per curiam,* 378 U.S. 549, 84 S.Ct. 1932, 12 L.Ed.2d 1041 (1964); *Gonzalez v. United States,* 224 F.2d 431, 435 (1st Cir.1955). Congress amended the statute in 1970, substituting "have become final" for "previously been convicted." *United States v. Allen,* 566 F.2d 1193, 1195 (3d Cir.1977), *cert. denied,* 435 U.S. 926, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978). Following the amendment, the statute has been construed to mean that, for purposes of imposing an enhanced

---

**5.** 21 U.S.C. § 841(b)(1)(B) provides one example of the finality requirement that appears throughout § 841(b):

If any person commits such a violation [of 21 U.S.C. § 841(a) ] after one or more prior convictions for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of a State, the United States, or a foreign country relating to narcotic drugs, marihuana, or depressant or stimulant substances, *have become final,* such person shall be sentenced to [an enhanced sentence].... (emphasis added).

penalty under § 841, a prior conviction is not final if it is subject to or pending on direct appellate review. *United States v. Morales,* 854 F.2d 65, 68–69 (5th Cir.1988); *United States v. Lippner,* 676 F.2d 456, 466–68 (11th Cir.1982); *Williams v. United States,* 651 F.2d 648, 649–51 (9th Cir. 1981); *Allen,* 566 F.2d at 1194–96.

The Maryland statutes are clearly different from the federal statute relied upon by Whack. Neither § 286(c) nor § 293 contains the qualification that convictions must be *final.* In response to Whack's reliance on current federal law, the Court of Special Appeals aptly explained:

> [T]he two Maryland statutes in issue refer simply to "previous convictions." So did the federal law prior to its amendment. Section 841(b)(1), as it now stands, authorizes the use of convictions for sentence-enhancement purposes "after ... prior convictions ... *have become final.*" (emphasis supplied). The national legislature expressly changed the law by adding that proviso, whereas the Maryland legislature has not done so. The appropriate analogy, therefore, is to the federal law before it was amended rather than to the federal law following amendment.

Although the federal finality requirement was imposed to eliminate the need for resentencing and to promote certainty in the application of § 841, that requirement was imposed by an express mandate of Congress. *See Allen,* 566 F.2d at 1195. The Maryland General Assembly has not expressed a similar mandate in either § 286(c) or § 293. As the Court of Special Appeals noted, in the case *sub judice,* "To permit a defendant to exploit a provision that was never intended to be for his benefit but only for the benefit of judicial economy would be to give him an undeserved windfall." The judicial economy argument was also considered and rejected by the Court of Appeals of Alaska. In *Wright v. State,* 656 P.2d 1226, 1229 (Alaska Ct.App.1983), the court noted:

> Precluding consideration of felony convictions on appeal is thus a rule of judicial economy aimed at reducing the need

for future sentencing hearings, not one concerned with fairness to the defendant.

■ Furthermore, a finality requirement would frustrate the legislative intent of § 286(c) and § 293. "[T]he general purpose of such [enhanced penalty] statutes is to deter the future commission of criminal offenses by persons who have previously been convicted and subject to the threat of punishment." *Gargliano v. State,* 334 Md. 428, 442–43, 639 A.2d 675, 682 (1994). These statutes "were enacted with the purpose of identifying defendants who have not reformed their behavior after prior convictions and incarcerating such defendants for a longer period than would otherwise be applicable in order to protect the community and deter others from similar behavior." *Id.* at 444, 639 A.2d at 682.

Decisions from other jurisdictions considering the effect of appeal on the use of prior convictions for enhanced sentences are not uniform. Some require completion of the appellate process; others permit a conviction on appeal to be considered as a prior conviction for enhancement purposes.

In *State v. Heald,* 382 A.2d 290 (Me.1978), the Supreme Judicial Court of Maine addressed the question of whether the phrase "had been before convicted" in an enhanced penalty statute required a final conviction. In rejecting a finality requirement, the court concluded that "[t]he legislative purpose would be frustrated if the statute applied only to previous convictions which later became final judgments. Indeed, the recidivist who appealed his previous conviction would escape the penal additive of the habitual offender statute, notwithstanding that his previous conviction was affirmed on appeal." *Id.* at 299.

Similarly, in *People v. District Court, Etc.,* 192 Colo. 375, 559 P.2d 235 (1977), the Supreme Court of Colorado declined to read a finality requirement into the phrase "prior conviction" as used in an enhanced penalty statute for habitual criminals. The court reasoned that "[i]f prior convictions on appeal were not included, many recent felony convictions might be effectively exempted from the operation of the

statute. This would be clearly inconsistent with the obvious purpose of the statute, which is to punish repeat offenders." *Id.* 559 P.2d at 236; *see also Glick v. State,* 286 Ark. 133, 689 S.W.2d 559, 562 (1985) ("[N]ot using a felony conviction for enhancement purposes until every possible remedy was exhausted would result in the rare application of the habitual offender statutes.").

The Supreme Court of Mississippi considered the use of former convictions pending on appeal for purposes of sentence enhancement in *Jackson v. State,* 418 So.2d 827 (Miss.1982), and refused to read a finality requirement into the statute. The court noted that "[t]he intent of the Legislature in enacting an habitual criminal statute was to protect the public from those criminals who are apparently indifferent to the normal mode of punishment." *Id.* at 832. The court also noted that acceptance of the appellant's contention that finality be required would "encourage frivolous appeals." *Id.*

Several other jurisdictions, as we have noted, approve the use of a prior conviction pending appeal as the predicate for an enhanced penalty. *E.g., Prock v. State,* 471 So.2d 519 (Ala.Crim.App.1985); *Wright v. State,* 656 P.2d 1226 (Alaska Ct.App.1983); *State v. Swartz,* 140 Ariz. 516, 683 P.2d 315 (Ct.App.1984); *Birchett v. State,* 291 Ark. 379, 724 S.W.2d 492 (1987); *People v. Sarnblad,* 26 Cal.App.3d 801, 103 Cal.Rptr. 211 (Ct.App.1972); *People v. District Court, Etc.,* 192 Colo. 375, 559 P.2d 235 (1977); *Maisonet v. State,* 448 N.E.2d 1052 (Ind.1983); *State v. Heald,* 382 A.2d 290 (Me.1978); *People v. Morlock,* 234 Mich. 683, 209 N.W. 110 (1926); *Jackson v. State,* 418 So.2d 827 (Miss.1982).

We recognize that other courts have taken a contrary view. *E.g., State v. Lewis,* 564 So.2d 765 (La.Ct.App.1990); *State v. Biegenwald,* 96 N.J. 630, 477 A.2d 318 (1984); *State v. Braithwaite,* 92 Wash.2d 624, 600 P.2d 1260 (1979). *See generally* 39 Am.Jur.2d *Habitual Criminals and Subsequent Offenders* § 8 nn. 1–2 (1968) (citing cases that require finality and cases that do not require finality); 24B C.J.S. *Criminal Law* § 1960(6), at 471 nn. 13–14 (1962) (same); Annot., *What Constitutes*

*Former "Conviction" Within Statute Enhancing Penalty For Second Or Subsequent Offense,* 5 A.L.R.2d § 5, at 1092 (1949) (same). We believe, however, that a finality requirement would undermine the purpose of § 286(c) and § 293: to protect society against repeat drug offenders and to deter recidivism by imposing greater sanctions on repeat offenders. Absent a clear statement of legislative intent to the contrary, we shall not read a finality requirement into the use of prior convictions under § 286(c) and § 293.

Whack suggests that the Legislature intended a finality requirement. This argument is intertwined with his reliance on *Butler v. State,* 46 Md.App. 317, 416 A.2d 773 (1980). In *Butler,* the intermediate appellate court held that, under § 643B(c), a conviction that is pending on appeal in the Court of Special Appeals is not a final conviction and cannot serve as a predicate for the imposition of the mandatory sentence of 25 years without parole. *Id.* at 322, 416 A.2d at 776. Whack's argument is twofold. First, that the rationale of *Butler* is equally applicable to § 286(c). Second, that since *Butler* was decided two years before mandatory penalties for second offenders under § 286 were first enacted, the Legislature, if it disagreed with that decision, easily could have defined "conviction" in § 286 to mean something different from the *Butler* interpretation. Whack concludes that the Legislature's failure to define "conviction" otherwise suggests that it agreed with the *Butler* holding.

We decline to apply the rationale of *Butler* to § 286(c), and leave for another day the construction of § 643B(c). We agree with the analysis and conclusion of the Court of Special Appeals in the instant case in response to Whack's suggestion that the reasoning of *Butler* is equally applicable to § 286(c). The court observed:

> The appellant thus appeals, let it be noted, not to the binding authority of *Butler* but to the force of its logic. We must confess, however, that the force of its logic eludes us. *Butler* established its finality requirement, without defining finality, in a single unilluminating paragraph. 46 Md.App. at 322, 416 A.2d 773. It announced its holding as an *ipse*

*dixit* but engaged in no analysis whatsoever of the issue before it. Neither did it cite authority where such analysis might be found.

Whack's claim that the inaction of the General Assembly indicates acquiescence in the *Butler* construction is equally unpersuasive. We find no significance in the Legislature's silence following the decision of the Court of Special Appeals in *Butler.* We have indicated that judicial construction of a statute has little or no application when the construction is not by the highest court of the jurisdiction involved. *United States v. Streidel,* 329 Md. 533, 551 n. 12, 620 A.2d 905, 914 n. 12 (1993). Furthermore, no evidence has been presented to us to indicate that the General Assembly's attention was ever called to the *Butler* case. The acquiescence of the Legislature seems to be of small consequence when the statute or its contemporaneous interpretation was not called to the Legislature's attention. 2B N. Singer, *Sutherland Statutory Construction* § 49.10 (5th ed. 1992).

Whack's last argument is couched in terms of fundamental fairness. He draws an analogy to Maryland Code (1974, 1989 Repl.Vol.) § 10–905(a) of the Courts and Judicial Proceedings Article, which bars the use of a conviction subject to or pending appeal for purposes of impeachment. We think this analogy is inapposite, however, because once a conviction is used to impeach a witness at trial, the damage cannot be undone if a successful appeal is taken. By contrast, if the predicate for an enhanced sentence is subsequently reversed on appeal, a defendant may seek resentencing under the Uniform Post Conviction Procedure Act. *See* Article 27, § 645A.

## IV.

Whack's fallback position is that if the Cecil County conviction may serve as the predicate for an enhanced sentence under § 286(c) or § 293, the trial court may enhance the defendant's sentence under one section or the other, but not both. We disagree and hold that § 286(c) and § 293 may be

applied in the same case to enhance the sentences on different counts.

Whack reasons that it is highly unlikely that the Legislature intended enhanced penalties under both statutes in the absence of explicit language or history in either § 286(c) or § 293 indicating such an intent. The Court of Special Appeals found no inconsistency between the two provisions and refused to read into them any legislative intent that the application of one thereby precludes the application of the other. We agree.

Relying on the proposition that penal statutes must be strictly construed, Whack urges this Court to resolve any doubt in his favor. He constructs his argument as follows: Section 286(c) makes no reference to § 293. Section 286(g)(5), part of the drug kingpin statute, specifically refers to § 293 and authorizes imposition of enhanced penalties under both statutes. Since § 286(c) does not refer to § 293, the Legislature did not intend to authorize enhanced punishment under both sections. Whack's argument is inapposite to the question we must answer. When a person is charged and convicted as a drug kingpin under § 286(g) and is also found to be second or subsequent offender, that person is subject to the penalties under § 286(g)(2) as well as the enhanced penalties under § 293. The question before us is not, however, whether a sentence enhanced by the second offender provision of § 286(c) may also be enhanced by the second or subsequent offender provision of § 293. Instead, we must determine whether the enhanced penalty under § 286(c) and the enhanced penalty under § 293 may be applied to different counts in the same indictment. It is important to remember that as a result of his sentence reduction by the sentence review panel, Whack's sentence on any one count is not enhanced as a second offender by both § 286(c) and § 293, and thus, his reliance on § 286(g) is misplaced.

The provisions of § 286(c) and § 293 each enhance a repeat drug offender's sentence in different ways. Section 286(c) enhances the minimum sentence by requiring that a repeat offender receive no less than 10 years without the possibility

of parole. Section 293 enhances the permissible maximum sentence by permitting the imposition of twice the otherwise allowable sentence for those who are subsequent offenders. The language is clear and unambiguous and we see no inconsistency between the two provisions. Thus, the rule of lenity has no application. *Jones v. State,* 336 Md. 255, 262, 647 A.2d 1204, 1207 (1994) (quoting *Albernaz v. United States,* 450 U.S. 333, 343, 101 S.Ct. 1137, 1144–45, 67 L.Ed.2d 275 (1981)). The meaning we have given § 286(c) and § 293 is also consistent with the intent of the Legislature to punish repeat drug offenders more severely. As we stated in *State v. Kennedy,* 320 Md. 749, 754, 580 A.2d 193, 195 (1990), "A rule [of construction] should not ... be invoked to subvert the purposes of the statute." Accordingly, full effect may be given to both provisions.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED; COSTS TO BE PAID BY PETITIONER.*

BELL, Judge, dissenting, in which ELDRIDGE, Judge, joins.

The majority holds that a judge may predicate a defendant's enhanced sentence, imposed pursuant to Maryland Code (1957, 1992 Repl.Vol., 1993 Cum.Supp.) Article 27, § 286(c) and § 293, on a prior conviction pending on direct or certiorari review. It reasons that, since neither § 286(c) nor § 293 expressly requires that convictions be *final,* presumptively, they need not be. I dissent. Where a statute is silent as to a prerequisite to its application and the legislative intent is unclear on the matter, the rule of lenity applies. Because that rule requires that the defendant be given the benefit of the doubt, the statute will be interpreted most favorably to the defendant.

Section 286(c)(1) prescribes an enhanced sentence to be imposed on any person with a prior conviction of certain offenses. It provides:

A person who is convicted under subsection (b)(1) [distribution of Schedule I and II narcotic drugs] of this section or

subsection (b)(2) [distribution of Schedules I and II non-narcotic drugs] of this section, or of conspiracy to violate subsection (b)(1) or (b)(2) of this section shall be sentenced to imprisonment for not less than 10 years if the person previously has been convicted:

(i) Under subsection (b)(1) or subsection (b)(2) of this section;

Section 293 provides for twice the fines and/or imprisonment term for any person convicted of any offense under the Controlled Dangerous Substances Section of Article 27, "if the offense is a second or subsequent offense." Section 293(a). For purposes of § 293(b), "an offense shall be considered a second or subsequent offense, if, prior to the conviction of the offense, the offender has at any time been convicted of any offense or offenses."

When there is a question as to the meaning of a statute, the words of the statute are the starting, and, ordinarily, also the ending point, for interpretation. *See Tidewater/Havre de Grace, Inc. v. Mayor and City Council of Havre de Grace,* 337 Md. 338, 344, 653 A.2d 468, 472 (1995); *Gargliano v. State,* 334 Md. 428, 435, 639 A.2d 675, 678 (1994); *Thanos v. State,* 332 Md. 511, 522, 632 A.2d 768, 773 (1993); *Harris v. State,* 331 Md. 137, 145–46, 626 A.2d 946, 950 (1993). Where, however, the meaning of the Legislature cannot be ascertained from the express words of the statute, the legislative intent must be sought from other sources, *see State v. Thompson,* 332 Md. 1, 6–7, 629 A.2d 731, 734 (1993); *Harris v. State,* 331 Md. at 146, 626 A.2d at 950, quoting *Wynn v. State,* 313 Md. 533, 539, 546 A.2d 465, 468 (1988), quoting *Kaczorowski v. City of Baltimore,* 309 Md. 505, 514–15, 525 A.2d 628, 632 (1987); thus, we examine a statute "in light of external manifestations of intent or general purpose available through other evidence." *Gargliano v. State,* 334 Md. at 436, 639 A.2d at 678 (quoting *Cunningham v. State,* 318 Md. 182, 185, 567 A.2d 126, 127 (1989)). The other sources to be consulted include the legislative history of the statute. *See Rose v. Fox Pool Corp.,* 335 Md. 351, 360, 643 A.2d 906, 910 (1994); *Harris,* 331 Md. at 146, 626 A.2d at 950; *Morris v. Prince George's County,* 319

Md. 597, 604, 573 A.2d 1346, 1349 (1990); *Scott v. State*, 297 Md. 235, 246, 465 A.2d 1126, 1132 (1983), *appeal after remand*, 310 Md. 277, 529 A.2d 340 (1987).

No where in either § 286(c)(1) or § 293 are the terms "conviction," "prior conviction," or "previously has been convicted" defined. As the majority correctly and astutely observes, in that regard, "[t]he statutes are simply silent as to the necessity for or the degree of finality that must attach to the prior conviction before it may be considered as a predicate offense for sentence enhancement." Majority Op. at 672. The statutes, therefore, do not expressly provide guidance as to the Legislature's intent with respect to predicating an enhanced penalty upon a conviction then pending review. The legislative intent is not apparent from the legislative history of the statutes either. In *Gargliano v. State*, 334 Md. at 441–42, 639 A.2d at 681, interpreting the phrase "previously has been convicted," as used in § 286, this Court observed:

We have reviewed the entire legislative history of § 286 and have not discovered any discussion of the meaning of the phrase, 'previously has been convicted,' in either the House Judiciary Committee or the Senate Judicial Proceedings Committee or on the floor of either body of the legislature during the enactment of any of the relevant amendments to § 286. The clear import of the language used throughout § 286 is that the Legislature sought to impose more stringent penalties on certain offenders who repeatedly persist in a pattern of criminal conduct.

A similar dearth of enlightenment follows review of the legislative history of § 293. Since the Legislature's intended meaning cannot be ascertained from either the express words of the statutes or their legislative histories, it is apparent that the statutes are ambiguous on this point.

An ambiguous penal statute must be "strictly construed so that only punishment contemplated by the language of the statute is meted out." *Gargliano v. State*, 334 Md. at 437, 639 A.2d at 679 (quoting *Dickerson v. State*, 324 Md. 163, 172, 596 A.2d 648, 652 (1991)). This "rule of lenity" requires that

▮▮▮▮▮▮▮

highly penal statutes be strictly construed against the State
and in favor of the defendant. *See Harris v. State,* 331 Md. at
145, 626 A.2d at 950; *State v. Kennedy,* 320 Md. 749, 754, 580
A.2d 193, 195 (1990); *Wynn v. State, supra,* 313 Md. at 539–
40, 546 A.2d at 468–69; N. Singer, *Sutherland on Statutory
Construction,* § 59.03, at 102–03 (5th ed. 1992). The rule
expressly prohibits a court from interpreting a criminal stat-
ute so as to increase the penalty it places on a defendant
"when such an interpretation can be based on no more than a
guess as to what [the Legislature] intended." *Monoker v.
State,* 321 Md. 214, 222, 582 A.2d 525, 529 (1990) (quoting
*Ladner v. United States,* 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3
L.Ed.2d 199, 205 (1958)). In *Robinson v. Lee,* 317 Md. 371,
379–80, 564 A.2d 395, 399 (1989), this Court stated:

> Fundamental fairness dictates that the defendant under-
> stand clearly what debt he must pay to society for his
> transgressions. If there is doubt as to the penalty, then the
> law directs that his punishment must be construed to favor
> a milder penalty over a harsher one.

The majority acknowledges that § 286(c) and § 293 are
ambiguous—it notes their silence as to the degree of finality
that must attach to the prior conviction, the absence of a
clarifying legislative history, and the fact that "convicted" can
be interpreted in one of three ways. As to the latter point, it
observes:

> in its general and popular sense, to mean establishment of
> guilt pursuant to a verdict or plea of guilty; in its legal and
> technical sense, to mean following judgment or sentence; or
> in its 'final' sense, to mean establishment of guilt, judgment,
> or sentence, and absence or resolution of any appeal.

Majority op. at 675. Nevertheless, the majority asserts that it
is up to this Court to make the critical determination of
whether an enhanced penalty can be predicated upon a convic-
tion pending on appeal, thus rejecting the application of the
rule of lenity to the case *sub judice:*

> [w]hile penal statutes are strictly construed, the construc-
> tion given them ultimately depends upon ascertaining the

intention of the Legislature when it drafted and enacted the statutes in question. The rule of lenity may not be invoked to subvert the purpose of a statute. It is reserved for cases where, '[a]fter "seiz[ing] everything from which aid can be derived," the Court is "left with an ambiguous statute' "containing a 'grievous ambiguity or uncertainty.'

Majority op. at 672–674 (citations omitted). Speculating as to how the Legislature intended "convicted" to be defined, the majority reasons:

> In *Myers[ v. State*, 303 Md. 639, 642, 496 A.2d 312, 313 (1985) ], following a review of our cases in which we analyzed the meaning of the word, we found that 'it is inescapable that we have consistently equated a "conviction" with the judgment of the court on the verdict and not with the mere determination of guilt.' *Id.* at 645, 496 A.2d at 315. We held that 'unless the context in which the word is used indicates otherwise, a "conviction" is the final judgment and sentence rendered by a court pursuant to a verdict or plea of guilty.' *Id.* Consistent with this interpretation, we hold that prior convictions pending on appeal may be used to impose enhanced sentences under § 286(c) and § 293.

Majority Op. at 674.

I do not disagree with the majority that a conviction contemplated by §§ 286(c) and 293 must be defined in light of the statutes' purpose. In that regard, the majority is correct that the purpose of §§ 286(c) and 293 is to "deter the future commission of criminal offenses by persons who have previously been convicted and subject to the threat of punishment." Majority op. at 675. As explained in *Gargliano v. State, supra,* 334 Md. at 444, 639 A.2d at 682–83,

> In construing Maryland's enhanced penalty statutes similar to § 286(c), we have found that such statutes were enacted with the purpose of identifying defendants who have not reformed their behavior after prior convictions and incarcerating such defendants for a longer period than would otherwise be applicable in order to protect the community and deter others from similar behavior. The means for achiev-

ing such deterrence is the provision of fair warning to previous offenders that if they continue to commit criminal acts after having had the opportunity to reform after one or more prior contacts with the criminal justice system, they will be imprisoned for a considerably longer period of time than they were subject to as first offenders. (Citations omitted).

See *Jones v. State*, 324 Md. 32, 38, 595 A.2d 463, 466 (1991); *Minor v. State*, 313 Md. 573, 576, 546 A.2d 1028, 1029 (1988); *Montone v. State*, 308 Md. 599, 606, 521 A.2d 720, 723 (1987); *Hawkins v. State*, 302 Md. 143, 148, 486 A.2d 179, 182 (1985); *Garrett v. State*, 59 Md.App. 97, 118, 474 A.2d 931, 941, *cert. denied*, 300 Md. 483, 479 A.2d 372 (1984).

As already established, there are three different ways the term "convicted" can be defined: in its general and popular sense, in its legal and technical sense, or in its "final" sense. As the majority points out, this Court has recognized that the specific definition to be utilized depends upon the context and purpose of the particular statute in which it appears. In the case *sub judice*, this means that we must consider the term "convicted" in light of the context and purpose of deterring recidivist criminals by warning them of the consequences—harsher sentences—of repeating their crimes. That the purpose of the statutes is to impose more stringent penalties on repeat offenders does not clarify, however, which of the three definitions of "convicted" the Legislature had in mind when it enacted the statutes. Applying any one of them would have the desired result, although whether or when the enhancement would occur would differ; under any one of the definitions, a defendant's sentence would be enhanced whenever the prescribed prerequisite has been met. Thus, it does not follow, as the majority suggests, that interpreting §§ 286(c) and 293 to require finality would frustrate the legislative intent that repeat offenders receive enhanced sentences. In this regard, I think it significant that this Court has attributed to §§ 286(c) and 293 the same purpose as it has attributed to § 643B. *Compare Gargliano*, 334 Md. at 442–43, 639 A.2d at 681–82 (§ 286(c)) *and* Majority op. at 678 (§ 286(c) and § 293) *with*

*Taylor v. State,* 333 Md. 229, 236, 634 A.2d 1322, 1325 (1994) (§ 643B). *Albeit* by its express terms, under § 643B, the predicate prior conviction must be final. It has never been suggested that the purpose of § 643B has, on that account, been frustrated. Neither of the enhanced penalty statutes now under review details the requirements for enhanced punishment in the same way that § 643B does, neither states *precisely* when, or under what circumstances, the subsequent conviction must result in an enhanced sentence. They both require, however, that an enhanced penalty be imposed when the prescribed condition—a prior conviction—has been met. Consequently, as in the case of § 643B, their purpose would not be frustrated were the prior conviction requirement to be construed as contemplating a final conviction.

The purpose of enhanced penalty statutes is to be achieved by warning recidivist criminals that

> if they continue to commit criminal acts after having had the opportunity to reform after one or more prior contacts with the criminal justice system, they will be imprisoned for a considerably longer period of time than they were subject to as first offenders.

*Gargliano v. State,* 334 Md. at 444, 639 A.2d at 682–83. Implicitly, therefore, the Legislature recognized that a defendant must be given the opportunity to reform. According to Black's Law Dictionary 1152 (5th ed. 1979), "to reform" means "to correct, rectify, amend, remodel." The Legislature recognized in enacting § 643B that if a defendant's predicate prior conviction has not been finally resolved and, thus, it is pending review when the subsequent offense is committed, the defendant will not have been afforded an opportunity to reform. As we have seen, §§ 286(c) and 293 share the same purpose, and I believe that they should be interpreted the same way. It is quite likely that, in enacting §§ 286(c) and 293, the Legislature chose to use short hand when referring to the predicate conviction, rather than, as was done in § 643B, fully detailing the requirements of that predicate conviction. Thus, even if the majority approach is adopted, the result more logically would be that required by lenity.

The majority justifies its rejection of the rule of lenity on the basis that the rule should only be used if, and when, every aid for determining legislative intent has been exhausted, and all that is left is a statute with a "grievous ambiguity or uncertainty." But that is precisely what we have here—statutes that have a "grievous ambiguity or uncertainty." Moreover, the majority's argument that the rule of lenity must be rejected because it would give the defendant a windfall is completely irrelevant. Whoever the majority may posit is the intended beneficiary of the statutes, the rule of lenity applies, or not, depending upon whether the statutes are ambiguous. There is no doubt—indeed, the majority concedes—that both § 286(c) and § 293 are ambiguous. It is not clear, either from the language of the statutes or their legislative histories, which definition of "conviction" the Legislature intended, and the purpose of the statutes is served whichever definition is chosen.

The rule of lenity being applicable, I would reverse the judgment of the Court of Special Appeals and remand the case to that court for further remand to the Circuit Court for Prince George's County for resentencing.[1]

Judge ELDRIDGE joins in the views expressed herein.

---

1. Although I would not reach and, therefore, it is unnecessary that I address the second issue the petitioner raises, I do register my reservations, and the reasons therefore, about the propriety of holding that enhancing, *albeit* in different ways, more than one subsequent conviction arising out of the same incident. Consistent with *State v. Calhoun*, 290 Md. 1, 425 A.2d 1361 (1981), *aff'g* 46 Md.App. 478, 418 A.2d 1241 (1980), and as argued by the petitioner, even when there are two enhanced penalty statutes, only one enhanced sentence may be imposed unless it clearly appears, either from the language of the statutes or their legislative histories, that the Legislature intended otherwise.
 Section 286(g)(5) provides:
 Nothing contained in this subsection prohibits the court from imposing an enhanced penalty under § 293 of this article. This subsection may not be construed to preclude or limit any prosecution for any other criminal offense.
 In direct contrast to § 286(g)(5), which expressly authorizes, but does not mandate, a § 286 enhanced sentence, in addition to the enhanced sentence for drug kingpins, mandated by § 286(g)(2)(i), § 286(c) does not mention § 293. I believe that, had the Legislature intended to

authorize enhanced sentences under both § 286(c) and § 293, it would have so provided, as it did with respect to §§ 286(g) and 293.