591 A.2d 907

**Louis George KOHLER, III**

v.

**STATE of Maryland.**

**No. 1573, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

July 1, 1991.

John L. Kopolow, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Gary E. Bair, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Kreg Paul Greer, Asst. Atty. Gen., Baltimore, and Thomas E. Hickman, State's Atty. for Carroll County of Westminster, on the brief), for appellee.

Argued before ALPERT, BLOOM and MOTZ, JJ.

MOTZ, Judge.

Appellant, Louis George Kohler, III, was convicted in the Circuit Court for Carroll County by Judge Raymond E. Beck, Sr., sitting without a jury, of driving while intoxicated. On at least two prior occasions—March 31, 1984 and August 31, 1985—appellant had also been convicted for driving while intoxicated. The statutorily prescribed penalties for one convicted of this offense are graduated according to whether the convicted defendant is a first offender, a second offender, or a third offender. Md.Transp.Code Ann. § 27–101(k) (1987) provides:

> Any person who is convicted of a violation of any of the provisions of § 21–902(a) of this article ("Driving while intoxicated"):
>
>> (1) For a first offense, shall be subject to a fine of not more than $1,000, or imprisonment for not more than 1 year, or both;
>>
>> (2) For a second offense, shall be subject to a fine of not more than $2,000, or imprisonment for not more than 2 years, or both; and
>>
>> (3) For a third or subsequent offense, shall be subject to a fine of not more than $3,000, or imprisonment for not more than 3 years, or both.

Judge Beck gave appellant an enhanced sentence as a third offender. He imposed a three-year term of confinement with one year suspended in favor of five years of probation. He also imposed a fine of $3,000 with $1,000 of the fine suspended. Upon this appeal, appellant raises the single contention that the enhanced sentence was illegal because he claims the State, albeit giving adequate notice of

the enhanced sentence possibility initially, subsequently "withdrew" that notice.

■ The State's Attorney is required to give a defendant notice, prior to trial, that the defendant is exposed as a subsequent offender to the possibility of enhanced sentencing. Md. Rule 4–245(b) provides:

When the law permits but does not mandate additional penalties because of a specified previous conviction, the court shall not sentence the defendant as a subsequent offender unless the State's Attorney serves notice of the alleged prior conviction on the defendant or counsel before the acceptance of a plea of guilty or *nolo contendere* or at least 15 days before trial in circuit court or five days before trial in District Court, whichever is earlier.

There is no question but that notice was timely and adequately given in this case. On May 15, 1990, the State mailed to appellant a Notice of State's Intention to Request Subsequent Offender Treatment. That notice made particular reference to the earlier convictions of March 31, 1984 and August 31, 1985. The notice, moreover, was well in excess of the fifteen days required before trial in the circuit court. That trial, on an agreed statement of facts, did not take place until July 23, 1990. The sentencing, furthermore, did not occur until September 25, 1990.

The factual predicate for appellant's present contention is that when he and the State arrived for the July 23 trial, they had reached an agreement. Appellant agreed to forego a formal trial and to proceed on an agreed statement of facts. The State, in turn, agreed to *nolle pros* three other charges against appellant (which it did) and to recommend to the sentencing judge that the sentence appellant would receive in this case be made concurrent with a sentence appellant was then serving in Baltimore County, also for driving while intoxicated. The agreed recommended sentence was thus to be a term of confinement, commencing on July 2, 1990, for one year, with six months of that sentence suspended.

Judge Beck played no part, directly or indirectly, in the plea agreement. The agreement went only to the State's recommendation and not to the sentence ultimately received. The prior notice fully alerted appellant to his potential exposure as a subsequent offender. After the agreed statement of facts was read to the court, both counsel spoke on the issue of sentencing. Defense counsel made the following request:

We would ask the Court to accept the recommendation of the State's Attorney's office; hopefully we see the light at the end of the tunnel for him and he will be on his way to be rehabilitated when he is released from Baltimore County.

The deputy state's attorney immediately responded:

Your Honor, that is correct. We have a Notice of the State's Intention for Subsequent Offender Treatment in this case indicating, as Mr. Johnson pointed out, that he has been convicted of two prior Driving While Intoxicated, on March 31st of '84, and another in August—on the 31st of August of 1985.

We have recommended a concurrent sentence, though, in the case in Baltimore County, as outlined by Mr. Johnson.

Everyone, including appellant, fully understood that Judge Beck was not bound by the State's recommendation. The State, quite properly, informed Judge Beck as to the sentencing range available to him in the case of a third offender who had been put on timely notice of his exposure to the possibility of enhanced punishment. Notwithstanding the sentencing range available to the court, the State adhered to its recommendation in terms of a sentence that was both less than the maximum and concurrent with that being served in Baltimore County. There was no objection by appellant and no suggestion that he was harboring any expectation that the State would deliberately keep the judge in the dark with respect to the range of sentencing available to him. Following the July 23 hearing, Judge Beck found

appellant guilty but chose to "reserve on the recommendation and order a Presentence Investigation."

Both at the end of the hearing on July 23 and at the sentencing hearing on September 25, the State reiterated, in good faith, its recommendation that the sentence be concurrent with that being served in Baltimore County. Judge Beck found that recommendation "unacceptable." He not only gave appellant an enhanced sentence of a type available only for third offenders, but made the sentence consecutive with that being served in Baltimore County. Even when the enhanced sentence was imposed, appellant raised no objection nor indicated in any way that he thought enhanced sentencing was precluded.

It is obvious that appellant's real objection is that Judge Beck did not follow the recommendation of the State's Attorney as to greater leniency. In that regard, even the sentencing possibilities available for a first offender permitted Judge Beck to impose a consecutive sentence and not the concurrent sentence recommended by the State. Appellant was not handicapped in any way by lack of notice. The primary purpose of the notice requirement is to prevent a defendant from being caught by surprise. He is entitled to know what the earlier convictions are that will be made known to the court, so that he may come forward and prove them inaccurate if that should be the case. A subsidiary purpose is to permit him to assess the risk to which he is exposed in advance of formulating his trial strategy. There is no suggestion that the agreed statement of facts on July 23 was influenced by anything other than the State's promise to recommend leniency.

What appellant is attempting to do is turn the "notice" the State is required to give pursuant to Rule 4–245(b) into a "recommendation." That sleight of hand simply will not work. Rule 4–245(b) explicitly requires a "notice," not a "recommendation." Thus, the State can properly, as it did here, notify the trial judge of his right to impose an enhanced sentence *and* still recommend that the sentence

imposed be less than the statutory maximum. Neither Rule 4–245(b) nor any other authority requires that a recommendation for a sentence less than the statutory maximum be treated as a withdrawal of notice of exposure to the risk of an enhanced sentence.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.