644 A.2d 537

**Christopher E. PARRISON**

v.

**STATE of Maryland.**

**No. 118, Sept. Term, 1993.**

Court of Appeals of Maryland.

July 19, 1994.

Martha Weisheit, Asst. Public Defender, (Stephen E. Harris, Public Defender, both on brief), Baltimore, for petitioner.

Tarra DeShields–Minnis, Asst. Atty. Gen., (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RAKER, Judge.

In this appeal, we are asked to determine whether Petitioner Christopher E. Parrison was properly convicted of the use of a handgun in the commission of a crime of violence, where the weapon used during the commission of the crime was an altered shotgun having one barrel measuring approximately fifteen and three-eighths inches in length and an overall length of approximately twenty-six and three-eighths inches. The specific question we face is whether Parrison's weapon falls within the definition of a "short-barreled shotgun" as provided by Maryland Code (1957, 1992 Repl.Vol.) Article 27, § 36F(e). We hold that Parrison's altered shotgun does fall within the definition of a "short-barreled shotgun." Accordingly, we affirm the judgment of the Court of Special Appeals, 333 Md. 173, 634 A.2d 47.

## I.

Christopher E. Parrison was convicted of attempted robbery with a dangerous and deadly weapon and the use of a handgun in the commission of a crime of violence after a trial by jury in the Circuit Court for Baltimore County (Smith, J., presiding). The use of a handgun in the commission of a crime of violence is proscribed by Article 27, § 36B(d),[1] which provides in pertinent part:

---

1. Unless otherwise specified, all statutory references herein are to Maryland Code (1957, 1992 Repl.Vol., 1993 Cum.Supp.) Art. 27.

(d) *Unlawful use of handgun or antique firearm in commission of crime; penalties.*—Any person who shall use a handgun or an antique firearm capable of being concealed on the person in the commission of any felony or any crime of violence as defined in § 441 of this article shall be guilty of a separate misdemeanor ...

The definition of the term "handgun" is provided by § 36F(b):

(b) *Handgun.*—"Handgun" means any pistol, revolver, or other firearm capable of being concealed on the person, including a short-barreled shotgun and a short-barreled rifle as these terms are defined below, except it does not include a shotgun, rifle, or antique firearm. . . .

A "short-barreled shotgun" is defined by § 36F(e):

(e) *Short-barreled shotgun.*—"Short-barreled shotgun" means a shotgun having one or more barrels less than eighteen [18] inches in length and any weapon made from a shotgun (whether by alteration, modification, or otherwise) if such weapon, as modified, has an overall length of less than twenty-six [26] inches.

A "shotgun" is defined by § 36F(g):

(g) *Shotgun.*—"Shotgun" means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger.

At Parrison's trial, it was established that the weapon used in the commission of the crime had a single barrel which measured approximately fifteen and three-eighths inches in length and had an overall length of approximately twenty-six and three-eighths inches. It was further established that the weapon had not been manufactured to those specifications. Rather, the barrel of the shotgun had been shortened or "sawed-off," which reduced the overall length of the weapon from its original length of approximately thirty-six to forty inches.

At the close of the State's evidence, Parrison moved for a judgment of acquittal on the § 36B(d) charge, asserting that the weapon used in the commission of the crime was not a "handgun" because it did not fall within the definition of a "short-barreled shotgun" provided by § 36F(e). Parrison contended that a shotgun which has been altered is, by reason of the alteration, a "weapon made from a shotgun (whether by alteration, modification, or otherwise)." Consequently, Parrison asserted that an altered shotgun falls within the definition of a "short-barreled shotgun" only if the overall length of the altered shotgun is less than twenty-six inches. Because the weapon used in the commission of the crime was an altered shotgun with an overall length in excess of twenty-six inches, Parrison argued that the weapon was not a "short-barreled shotgun" and therefore not a "handgun" within the meaning of § 36F(b).

In denying Parrison's motion for a judgment of acquittal, the trial judge held that Parrison's altered shotgun was a "shotgun having one barrel less than eighteen inches in length" and, therefore, was within the definition of a "short-barreled shotgun." Parrison was subsequently found guilty of both attempted robbery with a dangerous and deadly weapon and the use of a handgun in the commission of a crime of violence. He appealed.

In an unreported opinion, the Court of Special Appeals rejected Parrison's contention that an altered shotgun falls within the definition of a "short-barreled shotgun" only if the overall length of the weapon is less than twenty-six inches:

> Appellant focuses on only one aspect of § 36F(e) and ignores that portion of the statute which defines a short-barrelled shotgun as "a shotgun having one or more barrels less than eighteen inches in length." The gun in this case had a barrel measuring fifteen and three-eighths inches in length. Accordingly, the weapon fell within the ambit of the handgun statute, and appellant was properly convicted.

We granted Parrison's petition for a writ of certiorari to determine whether an altered shotgun having one barrel less

than eighteen inches in length and an overall length greater than twenty-six inches is within the definition of a "short-barreled shotgun" provided by § 36F(e).

## II.

█ The issue of statutory interpretation raised in this appeal requires us to determine whether the Legislature intended that an altered shotgun with a barrel measuring less than eighteen inches and an overall length in excess of twenty-six inches would fall within the definition of a "short-barreled shotgun." It is well settled that the cardinal rule of statutory interpretation is to ascertain and effectuate legislative intent. *Condon v. State,* 332 Md. 481, 491, 632 A.2d 753, 757 (1993). In our quest to discern legislative intent, we construe the statute as a whole and interpret the words of the statute according to their natural and commonly understood meaning. *Comptroller v. Jameson,* 332 Md. 723, 732–33, 633 A.2d 93, 97–98 (1993); *Dickerson v. State,* 324 Md. 163, 171, 596 A.2d 648, 652 (1991).

█ Section 36B(d) was enacted as part of the Handgun Control Act of 1972, a comprehensive scheme which regulated the carrying, transport, and use of handguns and which is now codified at Article 27, §§ 36B through 36F. Pursuant to § 36B(d), a defendant who uses a handgun in the commission of a felony or crime of violence is guilty of a separate misdemeanor, independent of the underlying felony or crime of violence, and is subject to a separate minimum mandatory sentence. *See Whack v. State,* 288 Md. 137, 148, 416 A.2d 265, 270 (1980); *Dillon v. State,* 277 Md. 571, 584, 357 A.2d 360, 368 (1976).

█ In the preamble to the Handgun Control Act, the Legislature expressly pronounced the purpose of the Act's various provisions:

(a) *Declaration of Policy.*—The General Assembly of Maryland hereby finds and declares that:

(i) There has, in recent years, been an alarming increase in the number of violent crimes perpetrated in Maryland, and a high percentage of those crimes involve the use of handguns;

(ii) The result has been a substantial increase in the number of persons killed or injured which is traceable, in large part, to the carrying of handguns on the streets and public ways by persons inclined to use them in criminal activity;

(iii) The laws currently in force have not been effective in curbing the more frequent use of handguns in perpetrating crime; and

(iv) Further regulations on the wearing, carrying, and transporting of handguns are necessary to preserve the peace and tranquility of the State and to protect the rights and liberties of its citizens.

As we stated in *Wynn v. State*, 313 Md. 533, 546 A.2d 465 (1988), "the four subsections of this preamble reflect the legislature's concerns surrounding the proliferation of death and serious injury when handguns are employed in crimes of violence." *Id.* at 541, 546 A.2d at 469.

Examination of the various provisions of this statute reveals that the Legislature was acutely concerned with the use of concealable weapons when it enacted the Handgun Control Act. In § 36B(d) and in the definition of "handgun" provided by § 36F(b), the Legislature expressly referred to firearms that are "capable of being concealed on the person," and, in § 36F(b), identified a "short-barreled shotgun" as among those firearms that an individual may easily conceal. Two categories of concealable weapons are included within the definition of "short-barreled shotgun" provided by § 36F(e): (1) "shotgun[s]" which have at least one barrel less than eighteen inches in length; and (2) "any weapon made from a shotgun (whether by alteration, modification, or otherwise)" which has an overall length of less than twenty-six inches.

Parrison contends that the Legislature's use of two different terms—"shotgun" and "weapon made from a shotgun"—in the two clauses of § 36F(e) indicates that the Legislature intended

that two mutually exclusive and distinct categories of weapons would fall within the definition of a "short-barreled shotgun." Asserting that any shotgun which has been altered is a "weapon made from a shotgun (whether by alteration, modification, or otherwise)" within the second clause of § 36F(e), Parrison argues, by implication, that the term "shotgun" in the first clause of § 36F(e) must refer only to unaltered shotguns. Thus, under Parrison's construction of § 36F(e), to fall within the definition of a "short-barreled shotgun," a weapon must either be (1) a shotgun which has not been altered and which, as originally manufactured, has at least one barrel less than eighteen inches in length, or (2) a shotgun which has been altered in some manner after leaving the control of the manufacturer and which, as altered, has an overall length of less than twenty-six inches.

We disagree with Parrison's suggestion that the two clauses of § 36F(e) refer to mutually exclusive categories of weapons. Fundamentally, we find Parrison's contention that an altered shotgun can never be a "shotgun" within the meaning of the first clause of § 36F(e) to be flatly inconsistent with the plain language of the statute. Section 36F(g) explicitly defines a "shotgun" as a weapon that, as "designed or redesigned, made or remade," uses fixed shotgun shells and is intended to be fired from the shoulder. In common parlance, "redesigned" and "remade" are terms synonymous with "altered." A facial reading of the language of § 36F(g) thus establishes beyond peradventure that a shotgun may be redesigned, remade, or altered from its original specifications and nonetheless remain a "shotgun" for the purposes of the first clause of § 36F(e).

A shotgun may be rendered more easily concealable by shortening the barrel length or by shortening the length of the weapon's stock. As we see it, the Legislature was concerned with both types of alterations when it enacted § 36F(e) and it defined the term "short-barreled shotgun" such that both types of alterations would be addressed. A shotgun altered only in terms of its barrel length retains its character as a "shotgun" within the meaning of § 36F(g) so long as the weapon, as altered, uses fixed shotgun shells and is capable of

being fired from the shoulder. If the barrel length of such an altered "shotgun" is less than eighteen inches, the altered "shotgun" is a "shotgun having one or more barrels less than eighteen inches in length" and therefore within the first clause of § 36F(e). Such an altered "shotgun" thus falls within the definition of a "short-barreled shotgun," and, ergo, the definition of a "handgun."

In contrast, a shotgun altered at its stock may lose its status as a "shotgun" within the meaning of § 36F(g) if the stock is shortened to such an extent that the weapon is incapable of being fired from the shoulder. We believe that the Legislature was cognizant of the possibility that alteration of the stock of a shotgun might take the weapon out of the statutory definition of "shotgun" provided by § 36F(g), and it was for this reason that the Legislature used the phrase "any weapon made from a shotgun (whether by alteration, modification, or otherwise)" in the second clause of § 36F(e). As we read the second clause of § 36F(e), the phrase "any weapon made from a shotgun" includes *both* altered "shotguns"—meaning weapons that, as altered, are capable of being fired from the shoulder—*and* weapons that were originally manufactured as shotguns but, by reason of an alteration, are no longer "shotguns" as defined by § 36F(g)—meaning weapons that, as altered, are not capable of being fired from the shoulder.

In sum, we find that the two clauses of § 36F(e) refer to overlapping categories of weapons: an altered shotgun may be rendered a "short-barreled shotgun" either by shortening the barrel length to less than eighteen inches or by altering the weapon such that the overall length is less than twenty-six inches. We note that our construction of § 36F(e) and our conclusion that an altered shotgun may be a "shotgun" within the meaning of the first clause of § 36F(e) is supported by case law from other jurisdictions involving statutes either identical or substantially similar to the language of § 36F(e). *See United States v. Hall,* 972 F.2d 67, 70 (4th Cir.1992); *State v. Klosowski,* 310 A.2d 656, 657 (Del.Super.Ct.1973); *Gillman v. State,* 346 So.2d 586, 588 (Fla.Dist.Ct.App.1977); *Brook v. State,* 448 N.E.2d 1249, 1251 (Ind.Ct.App.1983);

*People v. Walker,* 166 Mich.App. 299, 420 N.W.2d 194, 195, *appeal denied,* 430 Mich. 897 (1988); *People v. Santiago,* 133 Misc.2d 161, 506 N.Y.S.2d 136, 141 (1986).

 The weapon used by Parrison in the commission of the crime was an altered shotgun with a barrel length of fifteen and three-eighths inches. Such a shotgun clearly falls within the definition of "short-barreled shotgun" provided by the first clause of § 36F(e). Accordingly, Parrison's conviction of the use of a handgun in the commission of a crime of violence in violation of Article 27, § 36B(d) is affirmed.

*JUDGMENT AFFIRMED, COSTS TO BE PAID BY PE-TITIONER.*