689 A.2d 610

**Robert Lee GARDNER,**

v.

**STATE of Maryland.**

**No. 104, Sept. Term, 1995.**

Court of Appeals of Maryland.

Feb. 21, 1997.

Mark Colvin, Assistant Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for petitioner.

Celia Anderson Davis, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on brief), Baltimore, for respondent.

Argued before MURPHY, C.J.*, and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

BELL, Chief Judge.

In this case, we are asked to decide an issue [1] that was not presented, and, thus, was not answered, in *Whack v. State*, 338 Md. 665, 659 A.2d 1347 (1995): whether a sentence on a single count of an indictment or information may be enhanced pursuant to both Maryland Code (1957, 1992 Replacement Volume) Article 27, § 286(c) [2] and § 293.[3] The Circuit Court for Balti-

---

* Murphy, C.J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and the adoption of this opinion.

1. The Petition for Certiorari presents a second issue, namely, whether the Court of Special Appeals erred in holding that the State did not withdraw its "Notice of Additional Penalties," notifying the petitioner of the State's intent to pursue additional penalties. In view of our interpretation of the applicable statutes, we do not address this issue.

2. That section provides, in pertinent part, that:
 (1) A person who is convicted under subsection (b)(1) or subsection (b)(2) of this section, or of conspiracy to violate subsection (b)(1) or (b)(2) of this section, shall be sentenced to imprisonment for not less than 10 years if the person previously has been convicted:
 (i) under subsection (b)(1) or subsection (b)(2) of this section;
 * * * * * *
 (2) The prison sentence of a person sentenced under subsection (b)(1) or subsection (b)(2) of this section, or of conspiracy to violate subsection (b)(1) or subsection (b)(2) of this section or any combination of these offenses, as a second offender may not be suspended to less than 10 years, and the person may be paroled during that period only in accordance with Article 31B, § 11 of the Code.

3. That section provides, as relevant, that:

more City answered that query in the affirmative. Viewing the issue as one of statutory construction, the Court of Special Appeals issued an unpublished opinion affirming that judgment. Having issued certiorari at the petitioner Robert Lee Gardner's request, we shall reverse the judgment of the intermediate appellate court.

## I.

Although the issue it presents is complex, the facts of this case are not. The petitioner was convicted by a jury of possession of heroin and possession of heroin with the intent to distribute. Having previously been served, in accordance with Maryland Rule 4–245 [4], with both a "Notice of Additional Penalties," [5] and a "Notice of Mandatory Penalties," [6] he was

---

(a) Any person convicted of any offense under [the Health—Controlled Dangerous Substances] subheading is, if the offense is a second or subsequent offense, punishable by a term of imprisonment twice that otherwise authorized, by twice the fine otherwise authorized, or by both.

**4.** Maryland Rule 4–245, in pertinent part, provides:

(b) Required Notice of Additional Penalties. When the law permits but does not mandate additional penalties because of a specified previous conviction, the court shall not sentence the defendant as a subsequent offender unless the State's Attorney serves notice of the alleged prior conviction on the defendant or counsel before the acceptance of a plea of guilty or nolo contendere or at least 15 days before trial in circuit court or five days before trial in District Court, whichever is earlier.

(c) Required Notice of Mandatory Penalties. When the law prescribes a mandatory sentence because of a specified previous conviction, the State's Attorney shall serve a notice of the alleged prior conviction on the defendant or counsel at least 15 days before sentencing in circuit court or five days before sentencing in District Court. If the State's Attorney fails to give timely notice, the court shall postpone sentencing at least 15 days unless the defendant waives the notice requirement.

**5.** That notice advised the petitioner of his exposure, as a result of certain enumerated prior convictions, to a sentence of imprisonment for twice the term otherwise authorized.

**6.** In that notice, the petitioner was informed that the State intended to seek a sentence of 10 years without parole.

sentenced for the possession with intent to distribute count [7], pursuant to both §§ 286(c) and 293, to 25 years imprisonment, the first 10 of which were to be served without benefit of parole.[8] The petitioner noted an appeal challenging the sentence.[9] The Court of Special Appeals rejected the petitioner's arguments and affirmed the circuit court. As indicated, we granted certiorari to address this important issue.

---

7. The petitioner's conviction for possession of heroin merged, for sentencing purposes, into the count for possession of heroin with the intent to distribute.

8. To combat the growing problem of recidivism, States across the nation, including Maryland, and the federal government enacted statutes calling for enhanced punishments, *i.e.*, harsher maximum and minimum penalties than those imposed upon first time offenders. *See Parke v. Raley*, 506 U.S. 20, 26, 113 S.Ct. 517, 521–22, 121 L.Ed.2d 391, 401–03 (1992). Such legislative acts were designed to be deterrents and to protect the public from recidivist behavior. A criminal defendant subject to enhanced punishment in Maryland is one who is a subsequent offender with a prior conviction for a related offense. The enhanced punishment is not imposed for the previous offense; rather, it is incident to the subsequent offense and as a result of the defendant's persistent course of criminal conduct. *Hawkins v. State*, 302 Md. 143, 150, 486 A.2d 179, 183 (1985). Although a prior conviction must exist, it is not a necessary predicate to the imposition of an enhanced penalty that all appeals concerning that conviction previously have been exhausted. *Whack v. State*, 338 Md. 665, 668, 659 A.2d 1347, 1348 (1995).

 In 1970, the Maryland Legislature adopted substantial provisions of the Uniform Controlled Substances Act, including § 293, in furtherance of its objective of preventing the abuse of "controlled dangerous substances and related paraphernalia ... which results in a serious health problem to the individual and represents a serious danger to the welfare of the people of the State of Maryland." Maryland Code, (1957, 1992 Repl. Vol.), Art. 27, § 276(a). The General Assembly further provided that "[t]he provisions of th[e Health-Controlled Dangerous Substances] subheading shall be liberally interpreted and construed so as to effectuate its general purpose...." Art. 27, § 276(b). As we shall see, it subsequently enacted the other statute at issue in this case, § 286(c).

9. The petitioner does not dispute his recidivist status and, thus, does not challenge the court's authority to impose an enhanced sentence. He simply argues that the sentence may only be enhanced once and in only one way.

## II.

■ The petitioner argues that a single count may not be enhanced under both § 286(c) and § 293(a). Therefore, noting that in *Whack,* 338 Md. at 682, 659 A.2d at 1355, we did not address the issue of "whether a sentence enhanced by the second offender provision of § 286(c) may also be enhanced by the second or subsequent offender provision of § 293," [10] he urges that the judgment of the intermediate appellate court be reversed.

On the other hand, the State argues that the trial court correctly sentenced the petitioner, pursuant to § 286(c) and § 293(a), to 25 years, without parole for the first ten years. It urges this Court to apply the reasoning it employed in *Whack* to affirm the judgment of the circuit court.

## III.

■ The matter before us is, as the Court of Special Appeals recognized, one of statutory construction. We have said that an enhanced penalty may not be imposed unless that is clearly the intent of the Legislature. *State v. Calhoun,* 290 Md. 1, 425 A.2d 1361 (1981), *aff'g* 46 Md.App. 478, 418 A.2d 1241 (1980). Thus, we are called upon to ascertain and effectuate the intent of the legislature, *Parrison v. State,* 335 Md. 554, 559, 644 A.2d 537, 539 (1994), to determine whether, when the General Assembly enacted Article 27, §§ 286(c) and 293(a), it intended that both statutes should be applied to enhance the sentence imposed by the court on a single count. "To determine legislative intent, 'we look first to the words of the statute[s], read in light of the full context in which they appear, and in the light of *external manifestations of intent* or general purpose available through other evidence'." *Dickerson v. State,* 324 Md. 163, 170–171, 596 A.2d 648, 651–52(1991)

---

**10.** Writing for the majority, Judge Raker explained: "It is important to remember that as a result of [Whack's] sentence reduction by the sentence review panel, Whack's sentence on any one count is not enhanced as a second offender by both § 286(c) and § 293...." *Whack v. State,* 338 Md. 665, 682, 659 A.2d 1347, 1355 (1995).

(emphasis added) (quoting *Cunningham v. State,* 318 Md. 182, 185, 567 A.2d 126, 127 (1989)). See also *State v. Bricker,* 321 Md. 86, 92, 581 A.2d 9, 12 (1990); *Davis v. State,* 319 Md. 56, 60, 570 A.2d 855, 857 (1990); *Kaczorowski v. City of Baltimore,* 309 Md. 505, 513, 525 A.2d 628, 632 (1987). This is the primary source from which legislative intent is determined. *Rose v. Fox Pool,* 335 Md. 351, 359, 643 A.2d 906, 910 (1994); *Armstead v. State,* 342 Md. 38, 673 A.2d 221 (1996). Thus, to construe these statutes, we give the words used their plain meaning and natural import. *Calhoun v. State,* 46 Md.App. 478, 488, 418 A.2d 1241, 1248 (1980) (quoting *State v. Fabritz,* 276 Md. 416, 421, 348 A.2d 275, 278 (1975)). Ordinarily, the statutory language itself is sufficient evidence of the legislative intent. *Comptroller v. Jameson,* 332 Md. 723, 732–33, 633 A.2d 93, 94 (1993). Only when it is not do we look elsewhere for evidence of the General Assembly's intent. *Condon v. State,* 332 Md. 481, 492, 632 A.2d 753, 755 (1993); *Motor Vehicle Admin. v. Mohler,* 318 Md. 219, 225–27, 567 A.2d 929, 932–33 (1990).

 Sections 286(c) and 293 enhance a repeat drug offender's sentence in different ways. The § 286(c) enhancement is by way of the imposition of a mandatory minimum ten year sentence to be served without parole. "Section 293 enhances the permissible maximum sentence by permitting the imposition of twice the otherwise allowable sentence for those who are subsequent offenders." *Whack,* 338 Md. at 683, 659 A.2d at 1355. On their face, viewed independently, each provision is clear and unambiguous. But that is not dispositive. Statutes that are clear when viewed separately may well be ambiguous where their application in a given situation, or when they operate together, is not clear. *See Sullins v. Allstate,* 340 Md. 503, 508, 667 A.2d 617, 619 (1995)(a term which is unambiguous in one context may be ambiguous in another); *Tucker v. Fireman's Fund Ins. Co.,* 308 Md. 69, 74, 517 A.2d 730, 732 (1986)("That a term may be free from ambiguity when used in one context but of doubtful application in another context is well settled."); *Bernhardt v. Hartford Fire Ins. Co.,* 102 Md.App. 45, 54, 648 A.2d 1047, 1051 (1994)

(quoting *Town & Country v. Comcast Cablevision,* 70 Md.App. 272, 280, 520 A.2d 1129, 1132, *cert. denied,* 310 Md. 2, 526 A.2d 954 (1987)) ("Language can be regarded as ambiguous in two different respects: 1) it may be intrinsically unclear ...; or 2) its intrinsic meaning may be fairly clear, but its application to a particular object or circumstance may be uncertain.").

Because both statutes are being applied to a single count, they must be construed together and in context. *Whack,* 338 Md. at 673, 659 A.2d at 1350 (citing *State v. Thompson,* 332 Md. 1, 7, 629 A.2d 731, 734 (1993))("[w]hen we are called upon to interpret two statutes that involve the same subject matter, have a common purpose, and form part of the same system, we read them *in pari materia* and construe them harmoniously."); *Gargliano v. State,* 334 Md. 428, 436, 639 A.2d 675, 679 (1994); *Jones v. State,* 311 Md. 398, 405, 535 A.2d 471, 474 (1988); *State v. Loscomb,* 291 Md. 424, 432, 435 A.2d 764, 768 (1981). "Full effect is given to each statute to the extent possible, and we will not add or delete words to obtain a meaning not otherwise evident from the statutory language." *Accord, GEICO v. Insurance Comm'r,* 332 Md. 124, 132, 630 A.2d 713, 717 (1993). Moreover, § 286(c) is but a subsection of § 286, section (g) of which also addresses sentence enhancements.[11] Because it is imperative that statutory

---

11. Art. 27, § 286(g) provides, in relevant part:

> (2) A drug kingpin who conspires to manufacture, distribute, dispense, bring into, or transport in the State controlled dangerous substances in one or more of the amounts described under subsection (f) of this section is guilty of a felony and on conviction is subject to:
> (i) Imprisonment for not less than 20 nor more than 40 years without the possibility of parole, and it is mandatory on the court to impose no less than 20 years' imprisonment, no part of which may be suspended; and
> (ii) A fine of not more than $1,000,000.
> (3) The provisions of §§ 292 and 641 of this article are not applicable to a conviction under this subsection.
> (4) Notwithstanding any other provision of this subheading, a conviction under this subsection does not merge with the conviction for any offense which is the object of the conspiracy.
> (5) Nothing contained in this subsection prohibits the court from imposing an enhanced penalty under § 293 of this article. This

language be interpreted in its full context, it follows that § 286(c) must "be read in conjunction with the other subsections of § 286 so that we may give effect to the whole statute and harmonize all of its provisions." *Gargliano v. State*, 334 Md. 428, 436, 639 A.2d 675, 678–79 (1994)(citing *Williams v. State*, 329 Md. 1, 15–16, 616 A.2d 1275, 1282 (1992) for the proposition that a court must discern "legislative intent from the *entire* statutory scheme, as *opposed* to scrutinizing parts of a statute in isolation." (emphasis added)). Consequently, §§ 286(c) and 293(a) must be construed together with § 286(g).

When that is done, it is clear that their application in the single count context is not at all clear. This is especially the case when § 286(g) is considered. Subsection (g)(2)(i) prescribes both the maximum sentence for a drug kingpin committing the acts proscribed—40 years imprisonment *without* parole—and a mandatory minimum sentence—20 years imprisonment without parole—to be imposed and not suspended. Subsection (g)(5) expressly authorizes the enhancement of that sentence pursuant to § 293(a). If the state were correct that the enhancement statutes are clear both in their language and application, inclusion of that provision would have been unnecessary.

Nor does enlightenment flow from their legislative histories. As the petitioner points out, there is absolutely nothing, in the history of these statutes that even suggests that the Legislature intended a stacking of enhanced penalties. Section 293(a) was enacted in 1970 and has existed, without change, since that time. *See* Laws of Maryland 1970, ch. 403. The two-time loser provision of § 286(c) was enacted 12 years later, *see* Laws of Maryland 1982, ch. 770, and except for relettering, *see* Laws of Maryland 1988, ch. 439, has not been changed.[12] As

---

subsection may not be construed to preclude or limit any prosecution for any other criminal offense.

12. When first enacted in 1982, mandatory penalties for two-time offenders were codified as § 286(b)(1), (b)(2) and (b)(3). Subsections

we have seen, only § 286(g) provides any basis for discerning the intent of the General Assembly on the issue here presented.

It is apparent that §§ 286(c) and 293(a) are highly penal statutes, and, as we have seen, their application to enhance a sentence on a single count is ambiguous. An ambiguous penal statute is subject to the "rule of lenity," which requires that such statutes be strictly construed against the State and in favor of the defendant. *See Harris v. State,* 331 Md. at 145, 626 A.2d at 950; *State v. Kennedy,* 320 Md. 749, 754, 580 A.2d 193, 195 (1990); *Wynn v. State, supra,* 313 Md. 533, 539–40, 546 A.2d 465, 468–69 (1988); N. Singer, *Sutherland on Statutory Construction,* § 59.03, at 102–03 (5th ed. 1992). This means that it must be " 'strictly construed so that only punishment contemplated by the language of the statute is meted out.' " *Gargliano,* 334 Md. at 437, 639 A.2d at 679 (quoting *Dickerson v. State,* 324 Md. 163, 172, 596 A.2d 648, 652 (1991)). Lenity expressly prohibits a court from interpreting a criminal statute to increase the penalty it places on a defendant " 'when such an interpretation can be based on no more than a guess as to what [the Legislature] intended.' " *Monoker v. State,* 321 Md. 214, 222, 582 A.2d 525, 529 (1990) (quoting *Ladner v. United States,* 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199, 205 (1958)). In *Robinson v. Lee,* 317 Md. 371, 379–80, 564 A.2d 395, 399 (1989), this Court stated:

> Fundamental fairness dictates that the defendant understand clearly what debt he must pay to society for his transgressions. If there is doubt as to the penalty, then the law directs that his punishment must be construed to favor a milder penalty over a harsher one.

The application of the rule of lenity under a fact pattern similar to that *sub judice* was addressed by the Supreme Court of the United States in *Simpson v. United States,* 435

---

(b)(1) and (b)(2) were recodified as subsection (c) in 1988, with the addition of subsection (d) and (e) to § 286.

U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978). In that case, a federal statute provided an enhanced penalty for a bank robbery committed "by use of a dangerous weapon or device." *Id.* at 7, 98 S.Ct. at 910, 55 L.Ed.2d at 73. Another statute subjected a defendant who "uses a firearm to commit any felony of which he may be prosecuted in a court of the United States" to a sentence in addition to that imposed for the felony, which sentence was required to be consecutive. *Id.* at 7–8, 98 S.Ct. at 910–11, 55 L.Ed.2d at 73–74. Having reviewed the legislative history of the latter statute and determined that it reflected a Congressional intent to limit cumulative punishment, the Court held, alternatively, that "to construe the statute to allow the additional sentence authorized by § 924(c) to be pyramided upon a sentence already enhanced under § 2113(d) would violate the established rule of construction that 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity'." 435 U.S. at 14, 98 S.Ct. at 914, 55 L.Ed.2d at 78 (citing *United States v. Bass,* 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971) and *Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493, 497 (1971)). The Court also observed: "Even when the relevant legislative history [is] not nearly so favorable to the defendant as this, this Court has steadfastly insisted that 'doubt will be resolved against turning a single transaction into multiple offenses.'" *Id.* at 15, 98 S.Ct. at 914, 55 L.Ed.2d at 78 (quoting *Bell v. United States,* 349 U.S. 81, 84, 75 S.Ct. 620, 622, 99 L.Ed. 905, 910–11 (1955)). It also reiterated what it previously had said in *Ladner,* that lenity requires more than a guess to justify interpreting a statute so as to increase the penalty otherwise prescribed. *Id.* at 15, 98 S.Ct. at 914, 55 L.Ed.2d at 78.

Finally, when the Legislature has both wanted to increase the maximum penalty and to impose a mandatory minimum sentence for a second or subsequent offense, it has done so unequivocally, in clear and unambiguous terms. *E.g.*

§ 286D(b)(1) [13], prescribing the enhanced penalty for the felony of distributing, dispensing, or possessing with intent to distribute a controlled dangerous substance, or conspiring to do so, within 1000 feet of a school, § 36B (b)(ii) and (iii) [14], the enhanced punishment provision applicable to the unlawful wearing, carrying, or transporting of a handgun, and Maryland Code (1977, 1992 Repl.Vol., 1996 Cum.Supp.) § 27–101(j) and (k) [15], of the Transportation Article, prescribing the penalties for driving while intoxicated.

---

**13.** (b)(1) A person who violates the provisions of this section, on conviction, shall be subject to the following penalties:

 \* \* \* \* \* \*

(ii) For a second or subsequent offense, imprisonment for not less than 5 or more than 40 years or a fine of not more than $40,000 or both. It is mandatory for the court to impose a minimum sentence of 5 years, which may not be suspended, and a person is not eligible for parole during that period, except in accordance with Article 31B, § 11 of the Code.

(2) A sentence imposed under this subsection shall be served consecutively to any other sentence imposed.

(c) Notwithstanding any other provision of law, a conviction arising under this section may not merge with a conviction for a violation of § 286 or § 286C of this subheading.

**14.** (b)(ii) If the person has previously been convicted of unlawfully wearing, carrying, or transporting a handgun . . . he shall be sentenced to the Maryland Division of Correction for a term of not less than 1 year nor more than 10 years, and it is mandatory upon the court to impose no less than the minimum sentence of 1 year; provided, however, that if it shall appear from the evidence that the handgun was worn, carried, or transported on any public school property in this State, the court shall impose a sentence of imprisonment of not less than three years.

(iii) If the person has previously been convicted *more than once* of unlawfully wearing, carrying, or transporting a handgun . . . he shall be sentenced to the Maryland Division of Correction for a term of not less than three years nor more than 10 years, and it is mandatory upon the court to impose no less than the minimum sentence of three years; provided, however, that if it shall appear from the evidence that the handgun was worn, carried, or transported on any public school property in this State, the court shall impose a sentence of imprisonment of not less than 5 years. (emphasis added).

**15.** Maryland Code (1977, 1992 Repl. Vol., 1996 Cum. Supp.) § 27-101(j) and (k) provides:

(j) *Mandatory minimum penalty.*—(1) In this subsection, "imprisonment" includes confinement in an inpatient rehabilitation or treatment center.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO VACATE THE SENTENCE AND REMAND THE CASE TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR RESENTENCING CONSISTENT WITH THIS OPINION. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.

RAKER, Judge, dissenting, in which RODOWSKY, Judge, joins.

I would affirm the judgment of the Court of Special Appeals. I believe the intermediate appellate court was correct in finding that Petitioner's sentence for distribution of heroin may be enhanced under § 286(c) and § 293(a) of Article 27.

Gardner reasons that it is highly unlikely that the Legislature intended enhanced penalties under both sections to apply to a single count in the absence of history or explicit language

---

(2) A person who is convicted of a violation of Sec. 21–902(a) of this article within 3 years after a prior conviction under that subsection is subject to a mandatory minimum penalty of:

(i) Imprisonment for not less than 48 consecutive hours; or

(ii) Community service for not less than 80 hours.

(3) The penalties provided by this subsection are mandatory and are not subject to suspension or probation.

(k) *Violation of § 21–902(a).*—(1) Except as provided in subsection (q) of this section, any person who is convicted of a violation of any of the provisions of Sec. 21–902(a) of this article ("Driving while intoxicated"):

(i) For a first offense, shall be subject to a fine of not more than $1,000, or imprisonment for not more than 1 year, or both;

(ii) For a second offense, shall be subject to a fine of not more than $2,000, or imprisonment for not more than 2 years, or both; and

(iii) For a third or subsequent offense, shall be subject to a fine of not more than $3,000, or imprisonment for not more than 3 years, or both.

(2) For the purpose of second or subsequent offender penalties for violation of Sec. 21–902(a) of this article provided under this subsection, a prior conviction of Sec. 21–902(b), (c), or (d) of this article, within 5 years of the conviction for a violation of Sec. 21–902(a) of this article, shall be considered a conviction of Sec. 21–902(a) of this article.

in either § 286(c) or § 293 indicating such an intent. Relying on the proposition that penal statutes must be strictly construed, he urges this Court to resolve any doubt in his favor. He constructs his argument as follows: Section 286(c) makes no reference to § 293. Section 286(g)(5), part of the drug kingpin statute, specifically refers to § 293 and authorizes imposition of enhanced penalties under both statutes. Since § 286(c) does not refer to § 293, the Legislature did not intend to authorize enhanced penalties under both sections.

I would reject this argument on grounds of logic and policy. The absence of specific language in either section has no bearing on whether a judge may properly enhance the penalty for a repeat offender under § 293 and, on the same count, apply the mandatory minimum sentence of ten years in prison under § 286(c). Petitioner's argument overlooks the fact that § 286(g)(2)(i) limits the sentence that can be imposed on a drug kingpin to imprisonment for not more than forty years.[1] Without the specific reference to § 293 in § 286(g)(5), the forty–year maximum term in § 286(g)(2)(i) arguably would have been inconsistent with, and might have been construed to take precedence over, § 293.

The provisions of § 286(c) and § 293 each enhance a repeat drug offender's sentence in different ways. Section 286(c) enhances the minimum sentence by requiring that a repeat offender receive no less than ten years without the possibility

---

1. The penalties for a "drug kingpin" are set out in Article 27, § 286(g)(2)(i). Article 27, § 286(g) provides, in pertinent part:

(2) A drug kingpin who conspires to manufacture, distribute, dispense, bring into, or transport in the State controlled dangerous substances in one or more of the amounts described under subsection (f) of this section is guilty of a felony and on conviction is subject to:

(i) Imprisonment for not less than 20 nor more than 40 years without the possibility of parole, and it is mandatory on the court to impose no less than 20 years imprisonment, no part of which may be suspended....

\* \* \*

(5) Nothing contained in this subsection prohibits the court from imposing an enhanced penalty under § 293 of this article. This subsection may not be construed to preclude or limit any prosecution for any other criminal offense.

of parole. Section 293, on the other hand, addresses the permissible maximum sentence by permitting the imposition of twice the otherwise allowable sentence for those who are subsequent offenders. The Court of Special Appeals found no inconsistency between § 286(c) and § 293 and refused to read into either section any legislative intent that the application of one thereby precludes the application of the other. I agree. There is no inconsistency in the application of both of these sections to the same count.

The majority concludes that "on their face, viewed independently, [§ 286(c) and § 293 are] clear and unambiguous." Maj. op. at 648. The majority reasons, however, that because § 286(c) is a part of § 286, that section and § 293(a) must be construed together with § 286(g). The majority then concludes that because § 286(g) expressly authorizes the enhancement of that sentence pursuant to § 293(a), and that language is absent from § 286(c), the statute is ambiguous as to the Legislature's intent. Maj. op. at 650.

The foundation of the majority's opinion is the rule of lenity. The rule of lenity is a principle of statutory construction which applies to interpretations of criminal prohibitions and penalties. *Albernaz v. United States,* 450 U.S. 333, 345, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275, 283–84 (1981). The rule applies "only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute." *United States v. Shabani,* 513 U.S. 10, 17, 115 S.Ct. 382, 386, 130 L.Ed.2d 225, 231 (1994); *see also Lewis v. United States,* 445 U.S. 55, 64, 100 S.Ct. 915, 920–21, 63 L.Ed.2d 198, 209 (1980). The rule serves as an aid for resolving an ambiguity, and is not to be used to create an ambiguity where none exists. When the statute is unambiguous, the rule of lenity has no application. *See Lewis,* 445 U.S. at 65, 100 S.Ct. at 921, 63 L.Ed.2d at 209. In this case, the statutory language is clear and unambiguous; therefore, the rule of lenity has no application. *See Jones v. State,* 336 Md. 255, 263, 647 A.2d 1204, 1208 (1994).

Petitioner argues that enhanced penalties provided for in § 286(c) and § 293(a) are harsh. Admittedly, all mandatory and enhanced sentences are harsh. Nonetheless, the Legislature, not this Court, is the proper body to determine appropriate sentences for crimes. The General Assembly has embraced the proposition that enhanced penalties will deter the future commission of criminal offenses. *See Gargliano v. State,* 334 Md. 428, 443, 639 A.2d 675, 682 (1994); *Jones v. State,* 324 Md. 32, 38, 595 A.2d 463, 466 (1991); *Montone v. State,* 308 Md. 599, 606, 521 A.2d 720, 723 (1987). The meaning we have given § 286(c) and § 293 is consistent with the intent of the Legislature to punish repeat drug offenders more severely. As we stated in *State v. Kennedy,* 320 Md. 749, 754, 580 A.2d 193, 195 (1990): "A rule [of construction] should not ... be invoked to subvert the purposes of the statute." Prohibiting application of both § 286(c) and § 293 to determine a subsequent offender's sentence subverts the intent of the Legislature.

We granted certiorari to address a second issue presented by Petitioner, namely, whether the Court of Special Appeals erred in holding that the State did not withdraw its "Notice of Additional Penalties," notifying Petitioner of the State's intent to pursue additional penalties. I would answer that question in the negative and hold that the Court of Special Appeals was correct in concluding that the prosecutor did not withdraw the notice of additional penalties.

Petitioner received the requisite notice of additional and mandatory penalties. Assuming, without deciding, that the State may withdraw the required notice under Rule 4–245, I find that it was not withdrawn before the court imposed sentence.[2]

---

2. Under Maryland Rule 4–245, Subsequent Offenders, a defendant may not be sentenced as a subsequent offender unless the State's Attorney serves notice of the alleged prior conviction on the defendant or counsel before the acceptance of a plea of guilty or *nolo contendere* or at least fifteen days before trial in the circuit court or five days before trial in the district court, whichever is earlier. When the law prescribes a mandatory sentence because of a specified previous conviction, the

In concluding that the prosecutor did not withdraw the Notice of Additional Penalties before Judge Prevas imposed the sentence, the Court of Special Appeals stated:

[W]e find that the prosecutor did not withdraw the Notice of Additional Penalties prior to the imposition of sentence. Appellant argues that when the prosecution said, "Judge, I am just going to call the mandatory. I believe that's an appropriate sentence in this case" the State was withdrawing its notice. He contends, therefore, that the court was without authority to sentence him under § 293(a).

We disagree. The State exhibited no intention of withdrawing either of its notices of additional penalties. When the court questioned appellant as to whether he received timely notice of the enhanced and mandatory sentence, and concluded that there was sufficient evidence to support it, the State did not withdraw its notice. The court found that the State had proved that appellant was a subsequent offender for purposes of both enhancement and mandatory penalties. We interpret the prosecutor's comments as merely recommending a sentence less than the statutory maximum; it did not constitute a withdrawal of the subsequent offender notice.

The Court of Special Appeals was correct.

The sentencing proceeding immediately followed the hearing on Gardner's motion for a new trial. The following colloquy took place between the court and defense counsel:

[DEFENSE COUNSEL]: In any case, your honor, [the prosecutor] appropriately filed the mandatory penalty in this case. My client has a major record. [The prosecutor] said at the end of the trial, prior to the request for the

---

State's Attorney shall serve a notice of the alleged prior conviction on the defendant or counsel at least fifteen days before sentencing in the circuit court or five days before sentencing in the district court. The obvious purpose behind this rule is to implement the due process requirement that a defendant have fair notice of the penalties he is facing. *See Robinson v. Lee,* 317 Md. 371, 379–80, 564 A.2d 395, 399 (1989) (stating that "[f]undamental fairness dictates that the defendant understand clearly what debt he must pay to society for his transgressions.").

presentence report, that he was going to ask for the ten years mandatory, although technically he's facing forty years with the first ten without parole.

After a short recess, the discussion continued:

COURT: All right, now, the next proceeding is the State advised us that they were filing for an enhanced and a mandatory sentence, and I think at the time of the verdict you indicated that you had been given timely notice of those, is that correct?

[DEFENSE COUNSEL]: That's true, your honor.

COURT: All right, then the State offered as evidence, for you to consider, a certified copy of a docket entry in charging document 58934914. . . . Do you concede that that is sufficient evidence to make him both a subsequent offender and a mandatory offender?

[DEFENSE COUNSEL]: Yes, your honor.

COURT: All right, Madam Clerk, make the following docket entries: I find as a fact, that pursuant to Article 27 section 293 and Maryland Rule 4–245, that the State has proved that the defendant is a subsequent offender for purposes of both enhancement and mandatory penalty. Is there anything else that you wanted to say or prove in that phase . . . ?

[DEFENSE COUNSEL]: No, Judge.

Following this discussion, defense counsel and Petitioner each addressed the court. The judge then addressed the State:

COURT: Anything from the State?

[PROSECUTOR]: Judge, I am just going to call the mandatory. I believe that's an appropriate sentence in this case.

COURT: We have already done that.

[PROSECUTOR]: Right.

COURT: In the proceeding before disposition, when I asked [defense counsel] whether he got timely notice and whether he accepted your evidence, that is when we did that.

[PROSECUTOR]: The State's recommendation is ten years to the Division of Correction without parole.

Petitioner's entire argument that the State "withdrew" the Rule 4–245 notice is based on the prosecutor's comment, "I am just going to call the mandatory. I believe that's an appropriate sentence in this case." His interpretation is not supported by a fair reading of the record and a review of the comment in context. The conduct of the prosecutor in establishing the predicate for the mandatory and enhanced penalty and the prosecutor's silence when the judge caused the courtroom clerk to make appropriate docket entries in regard to the mandatory and enhanced penalties are inconsistent with an intent to withdraw the notice. The State interprets the prosecutor's comment as the State's recommendation to the trial court that Gardner receive a sentence less than the maximum. This interpretation is supported by the defense counsel's earlier comment in response to the court's suggestion for a presentence investigation. Counsel said:

> Quite frankly, I don't see the point in it in that it is the—going to be the State's recommendation, ten years without parole, and that is it.

The State merely exercised its discretion and recommended a sentence less than the statutory maximum. *See Kohler v. State,* 88 Md.App. 43, 49, 591 A.2d 907, 910 (1991) (stating that "[n]either Rule 4–245(b) nor any other authority requires that a recommendation for a sentence less than the statutory maximum be treated as a withdrawal of notice of exposure to the risk of an enhanced sentence.").

Judge RODOWSKY has authorized me to state that he joins in the views expressed in this dissenting opinion.